686 P.2d 1288

**Josephine M. DeSCHAAF, c/o Wilfred DeSchaaf, Guardian, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Aspen Care Center of Glendale, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 2914.**

Court of Appeals of Arizona, Division 1, Department B.

May 8, 1984.

Review Denied Sept. 11, 1984.

Law Offices of Richard E. Taylor by Don F. Schaar, Phoenix, for petitioner.

Sandra Day, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James L. Stevenson, Phoenix, for respondent employer and respondent carrier.

## OPINION

MEYERSON, Presiding Judge.

## I. FACTS

This is a special action review of an Industrial Commission award denying compensability for a stroke occurring at work.

The sole issue presented is whether A.R.S. § 23–1043.01.A. violates the Arizona constitutional provision regarding workers' compensation, Ariz. Const. art. 18, § 8, and the federal constitutional guarantee of equal protection. We find no constitutional violations and affirm the award.

Petitioner (claimant), who worked as a nurse for a rest home, had a history of high blood pressure, which was medically managed during the year before her misfortune. Working conditions were appalling; the rest home was threatened with loss of its license. The claimant, a conscientious nurse, was visibly upset by her inability to remedy these conditions.

On the date of the injury, claimant was at work supervising the evening shift. Three upsetting events occurred. First, she was notified that an employee could not come to work because of an automobile accident; she subsequently discovered that this was not true. Second, a missing medical chart hindered her treatment of a patient. Third, she had a dispute with one of her subordinates. Approximately a half-hour to forty-five minutes after this last incident, the claimant suffered a stroke. She was left severely disabled, confined to a wheelchair and unable to speak.

The claimant's theory was that these upsetting events caused transient elevated blood pressure, and this elevated blood pressure in turn caused an admittedly pre-existing cerebral aneurysm to burst. She produced two medical experts to support this theory of compensability. The respondents' medical expert, J. Michael Powers, a neurologist specializing in stroke etiology and patient care, disagreed. He testified that the relationship between stroke and elevated blood pressure is speculative and medically undocumented. In his opinion, even assuming the upsetting events caused elevated blood pressure, this transient elevation did not contribute to the stroke.

The administrative law judge entered the award denying compensability finding that claimant failed to establish that her employment-related stress was a substantial

contributing cause of the injury. This special action followed.

## II. LAW

Claimant argues that A.R.S. § 23–1043.-01.A. violates Article 18, § 8 of the Arizona Constitution. A.R.S. § 23–1043.01.A. states:

A heart-related or perivascular injury, illness or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless some injury, stress or exertion related to the employment was a *substantial contributing cause* of the heart-related or perivascular injury, illness or death.

(Emphasis added.) Article 18, § 8 in relevant part, states:

The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor ... by which compensation shall ... be paid ... if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, *is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature* thereof .....

(Emphasis added.)

Relying on the general rule that an industrial accident need only partially cause an injury, *e.g., Allen v. Industrial Commission,* 124 Ariz. 173, 602 P.2d 841 (App.

1979), claimant interprets the constitutional phrase, "is caused in whole, or in part, or is contributed to," to prohibit the statutory requirement of substantial contribution.[1] Claimant misinterprets the meaning of the constitutional phrase.

■ Compensability requires both legal and medical causation. 1B A. Larson, *Workmen's Compensation Law* § 38.83 (1982) (Larson); *Coday v. Willamette Tug & Barge Co.,* 250 Or. 39, 47–48, 440 P.2d 224, 228 (1968); *cf. Allen v. Industrial Commission,* 124 Ariz. at 175, 602 P.2d at 843. Legal causation concerns whether the injury arose out of and in the course of the employment. *See generally* 1, 1A Larson §§ 6.00–29.20. On the other hand, medical causation ordinarily requires expert medical testimony to establish that the industrial accident caused the injury. *E.g., Allen v. Industrial Commission,* 124 Ariz. at 175, 602 P.2d at 843.

■ The constitutional phrase relied upon by claimant qualifies the causal connection between the injury and a risk of the employment. This relationship between injury and risk is the classical definition of "arising out of" the employment. *See* 1 Larson §§ 6.00–7.40. The constitutional language at issue here was expressly considered by the Arizona Supreme Court in *Goodyear Aircraft Corp. v. Industrial Commission,* 62 Ariz. 398, 158 P.2d 511 (1945). The claimant was injured on the employer's premises when a soda bottle exploded during the lunch hour. The em-

1. The parties have assumed the applicability of Article 18, § 8, to the facts of this case. We believe that some elaboration is required.

Article 18, § 8, is limited by its express terms to workers "engaged in manual or mechanical labor" in public and private employment. The supreme court has held that the legislature's authority to enact a more comprehensive workers' compensation law is derived from the police power of the state, not from Article 18, § 8. *Atkinson, Kier Bros., Spicer Co. v. Industrial Commission,* 35 Ariz. 48, 274 P. 634 (1929). Although the legislature's authority to expand the applicability of the compensation laws beyond manual or mechanical labor is found in the police power, the terms and conditions of the compensation laws may not be less protective than provided for in Article 18, § 8. *See*

*Southwest Cooperative Wholesale v. Superior Court,* 13 Ariz.App. 453, 458, 477 P.2d 572, 577 (1971) ("The legislature has plenary power to legislate in the area of workmen's compensation, provided only that it does not transgress a constitutional limitation.") Thus, the legislature may widen the scope of compensable accidents beyond the express terms of the constitution. *Goodyear Aircraft Corp. v. Industrial Commission,* 62 Ariz. 398, 408, 158 P.2d 511, 515 (1945).

Therefore, the constitutional language relied upon by claimant becomes relevant, not because of the direct applicability of Article 18, § 8, to nonmechanical labor, but rather because through judicial interpretation it indirectly establishes the minimal scope of what accidents may be compensable under the workers' compensation laws.

ployer argued that the injury did not arise in the course of the employment. The court first noted:

[W]hen an accident to an employee in the course of his employment is caused in whole or in part, or is contributed to by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, this would be one *arising out of* the employment. The test to be applied in accidents mentioned in the constitutional mandate to determine whether they arise out of the employment is, were they caused in whole or in part, or contributed to by a *necessary* risk or danger of the employment, or *inherent* in its nature.

*Id.* at 408–09, 158 P.2d at 516. The court concluded, however, that the legislature had widened the field of compensable accidents by providing compensation for accidents "arising out of and in the course" of employment. Ariz.Code Ann. § 56–936 (1939), *now* A.R.S. § 23–1021.B. The court found the accident to be compensable. The court's discussion, however, makes it clear that the phrase "is caused in whole, or in part, or is contributed to" refers to the relationship between injury and the risk of employment—legal causation.[2]

■ In contrast, the substantial contribution requirement within A.R.S. § 23–1043.01.A. applies to medical causation. *See Bush v. Industrial Commission,* 136 Ariz. 522, 667 P.2d 222 (1983); *Findley v. Industrial Commission,* 135 Ariz. 273, 276, 660 P.2d 874, 877 (App.1983). Before A.R.S. § 23–1043.01.A., partial contribution proved medical causation in heart cases. *McNeely v. Industrial Commission,* 108 Ariz. 453, 501 P.2d 555 (1972). The statute has modified the partial causation rule. Substantial contribution is now required. Because the provision in Article 18, § 8, relied upon by claimant, applies to legal causation, it does not prohibit this statutory requirement on medical causation.

■ Claimant also argues that A.R.S. § 23–1043.01.A. denies her equal protection. We recently rejected this argument as applied to A.R.S. § 23–1043.01.B., which requires substantial contribution for mental illness or injury. *Findley v. Industrial Commission.* We have frequently commented on the difficulty in heart cases of relating the injury to an industrially responsible event. *E.g., Employers Mutual Liability Ins. Co. v. Industrial Commission,* 15 Ariz.App. 288, 289, 488 P.2d 493, 494 (1971). The same considerations which we found before us in *Findley* are present in the heart-related and perivascular cases covered under A.R.S. § 23–1043.01.A. *Archer v. Industrial Commission,* 127 Ariz. 199, 203–05, 619 P.2d 27, 31–33 (App. 1980). For the reasons set forth in *Findley,* we find that A.R.S. § 23–1043.01.A. is consistent with principles of equal protection of the law.

The award is affirmed.

GREER and FROEB, JJ., concur.

---

**2.** We note that the constitutional provision also refers to an accident "arising out of and in the course of such employment." Although the supreme court's interpretation of this section necessarily creates a redundancy in Article 18, § 8, *compare Pauley v. Industrial Commission,* 109

Ariz. 298, 301, 508 P.2d 1160, 1163 (1973), *with Goodyear Aircraft Corp.,* 62 Ariz. at 409, 158 P.2d at 516, we nevertheless believe the supreme court was correct, and, in any event, we are obliged to follow it.