716 P.2d 18

Alicia ALVARADO, Widow of Santa Rosa Alvarado, aka Santa Rosa Alvarado, aka Roberto V. Alvarado, deceased, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Metler Bros. Drilling Corp., (2) Magma Copper Company, (4) Roman Noseck Mines, (6) Banner Mining Co., (7) (7A) Boyles Bros. Drilling Co., (8) Anaconda, (9) Glen Thatcher, (11), Respondent Employers,

State Compensation Fund (2), (4), (6), (7 & 7A), (8), (11); the Travelers Insurance Company (9), Respondent Carriers.

No. 18115–PR.

Supreme Court of Arizona, En Banc.

Feb. 26, 1986.

Dennis Kavanaugh, Chief Counsel, Industrial Com'n, Phoenix, for Industrial Com'n.

Robert K. Park, Chief Counsel, State Compensation Fund by George B. Morse, Sandra Day, Tucson, for Metler Roman Bros., Magma Copper Co., Roman Noseck Mines, Banner Mining Co., Boyles Bros. Drilling Co., Glen Thatcher and State Compensation Fund.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Lawrence Lieberman, Larry L. Smith, Phoenix, for Anaconda and The Travelers Ins. Co.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for Magma Copper Co.

Tretschok, McNamara & Clymer by Dale D. Tretschok, Julia Schmidt, Tucson, for petitioner.

FELDMAN, Justice.

We have accepted review of this case to decide whether A.R.S. § 23–1107(B)(3) (repealed by Laws 1973 ch. 53, § 4) abrogates the right guaranteed by the Arizona Constitution art. 18, § 8 that "compensation shall be required to be paid . . . in case of injury [or] death" to workers if it arose from or was caused in the course of their employment. The widow's claim for death benefits in this case was dismissed by the administrative law judge (ALJ) because it was not timely filed under A.R.S. § 23–1107(B)(3). The court of appeals affirmed the dismissal in a memorandum decision. We accepted review pursuant to Rule 23, Ariz.R.Civ.App.Proc., 17A A.R.S. and ordered the parties to file supplemental briefs as to the impact on this case of *Ford v. Industrial Commission*, 145 Ariz. 509, 703 P.2d 453 (1985). *See* Rule 23(f), Ariz.R. Civ.App.Proc., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS

Santa Rosa Alvarado (Alvarado) spent over 20 years working as a miner and driller for various Arizona companies, most of which are named defendants in this action. In the course of this employment Alvarado was, at various times and places, exposed to a variety of dusts and vapors including silicates from drilling and blasting. On October 31, 1969 his ankle was fractured while he was at work. He had also been complaining of shortness of breath for at least a few weeks prior to the accident. He was taken to the hospital for treatment of his ankle injury, but reduction of the fracture was postponed due to an acute infection in his lungs which the treating physicians diagnosed as either silicosis, tuberculosis, pneumonia, or a combination thereof. He filed a claim with the Industrial Commission and was awarded unscheduled worker's compensation benefits (*See* A.R.S. § 23–1044(C)) upon findings that he had a 10% permanent loss of function in his ankle; this loss, combined with a pre-existing employment-related respiratory condition of "a silicosis, emphysema, chronic bronchitis, pneumonia or possible tuberculosis," resulted in a 100% loss of earning capacity. Therefore, in January, 1972 he was awarded permanent total disability benefits which he continued to receive until his death in May, 1981.

Concurrently with the pending compensation claim for his ankle injury Alvarado also filed a separate claim for silicosis benefits under the Occupational Disease Disability Law, A.R.S. § 23–1101 *et seq.* (repealed by Laws 1973 ch. 53, § 4). It was based on the medical diagnosis of several physicians that he suffered from silicosis. In August, 1972 the silicosis claim was denied on the grounds that he had not proved he had worked 1200 shifts as required by A.R.S. § 23–1107(A)(3). Alvarado did not seek review of the denial of his occupational disease claim because he was already receiving permanent total disability benefits under the compensation award of January, 1972.

In May of 1981 Alvarado died from "chronic obstructive pulmonary disease." At the administrative level the employers and the compensation carriers argued that Alvarado's death was caused by silicosis. The ALJ found this to be the case, and the evidence strongly supports the finding. Alvarado's widow, petitioner here, then filed a claim for death benefits under the Workers' Compensation Act. (A.R.S. § 23–1046). The claim was filed in June, 1981, well within the one-year statutory filing period for dependents' claims for death benefits. *See* A.R.S. § 23–1061(A). In July, 1981, the Industrial Commission denied the widow's application because there was "insufficient evidence to establish

death due to injury of October 31, 1969," the original ankle injury upon which the permanent disability award ostensibly was based.

A motion for review was timely filed with the ALJ and eventually all of the deceased's former employers were joined as defendants in a consolidated proceeding. After an informal conference the ALJ requested memoranda from the parties on the issue of whether the pre-1973 Occupational Disease Disability Law, A.R.S. § 23–1101 *et seq.*, should be applied to the case or whether the post-1973 merger of occupational diseases into the workers' compensation statute should control. *See Ford v. Industrial Commission*, 145 Ariz. at 513, 703 P.2d at 457; *Phoenix Pest Control v. Industrial Commission*, 134 Ariz. 215, 218–19, 655 P.2d 39, 42–43 (App.1982). The respondents argued that since Alvarado had died of silicosis which he had contracted before 1972, the pre-1973 law was applicable to the case, and that petitioner's claim was barred because Alvarado died more than "five years from the last day upon which [he] worked for the employer against whom compensation is claimed." The ALJ found that A.R.S. § 23–1107(B)(3) (the pre-1973 Occupational Disease Disability Law) applied to the case and by its terms petitioner's claim was time barred.[1] Therefore the ALJ dismissed the action. Petitioner sought review by special action in the court of appeals, which affirmed the dismissal and found that it was not an abuse of discretion. The court of appeals held that the statute was constitutional despite petitioner's arguments that it violated guarantees of both the United States and Arizona Constitutions. We accepted review and the sole issue before us is whether this statute of repose is constitutional.

## DISCUSSION

■ Respondents argue that the issue of the constitutionality of the statute under Ariz. Const. art. 18, § 8 has been waived. We disagree. The question of constitutionality under the due process and equal protection clauses was raised by claimant at the administrative level. As soon as *Ford* was decided, claimant raised the very issue we now consider in her reply brief in the court of appeals. The issue was also specifically raised in the petition for review. Because the issue is constitutionally significant we allowed supplementary briefs on the impact of the *Ford* case. We find no waiver.

■ The ALJ found that Alvarado died of silicosis contracted during his years of work as a miner. He then properly applied the Occupational Disease Disability Law to the claim. *Nelson v. Industrial Commission*, 120 Ariz. 278, 281–82, 585 P.2d 887, 890–91 (App.1978). Alvarado manifested symptoms of silicosis prior to his 1969 ankle injury even though the disease was actually diagnosed at the time of that injury. He subsequently received total permanent disability benefits based on an unscheduled combination of lung disease (possibly silicosis) and the ankle fracture. If he had exercised reasonable diligence, he would have known (in fact, he was informed) of the cause of the disease and its relationship to his job prior to 1973. Therefore the claim had accrued prior to 1972 and the pre-1973 Occupational Disease Disability Law applies to the claim. *Id.; see also Van Nelson v. Industrial Commission*, 134 Ariz. 369, 373, 656 P.2d 1230, 1234 (1982).

■ We have previously held that the injuries in occupational disease cases are

---

1. In relevant part § 23–1107(B)(3) stated:
   3. No compensation shall be paid for death from silicosis or asbestosis unless the death results within two years from the last day upon which the employee actually worked for the employer against whom compensation is claimed, except in those cases where death results during a period of *continuous total disability* from silicosis or asbestosis for

which compensation has been paid or awarded, or for which a claim, compensable but for such death, is on file with the commission. In such cases *compensation shall be paid if death results within five years from the last day upon which the employee actually worked for the employer against whom compensation is claimed.* (Emphasis supplied.)

accidents arising out of or in the course of employment for purposes of Ariz. Const. art. 18, § 8. *Marquez v. Industrial Commission,* 110 Ariz. 273, 275, 517 P.2d 1269, 1271 (1974); *Ford v. Industrial Commission,* 145 Ariz. at 517, 703 P.2d at 461. There is also no doubt that the widow's claim is separate and independent from any claim that could be or was asserted by her husband. *Kay v. Hillside Mines, Inc.,* 54 Ariz. 36, 43, 91 P.2d 867, 870 (1939); *Mannel v. Industrial Commission,* 142 Ariz. 153, 157, 688 P.2d 1045, 1049 (App.1984); *Garcia v. Industrial Commission,* 141 Ariz. 184, 189, 685 P.2d 1336, 1341 (App. 1984). The husband's conduct could not compromise or affect the dependent's claim. *Kay, supra.* Nor does the denial of benefits to him affect the dependent's claim. *Id.* Thus, we are left with the question of whether it is permissible for the legislature to bar the widow's death benefit claim based on the mere fact that Alvarado did not die within five years after the date of his last employment.

In *Ford, supra,* we stated that "[i]t was the intent of the framers of our constitution that industry be made to compensate for the human cost of producing goods and materials.... It is not within the power of the legislature to abolish compensation for occupational diseases, nor to limit payment by imposing conditions proscribed by the constitution." *Id.,* 145 Ariz. at 517, 703 P.2d at 461–62. *Ford* dealt with a situation in which the disease was aggravated by work conditions rather than solely caused by them. We held that art. 18, § 8 requires that compensation be paid when the occupational exposure has been the sole or a contributory cause of the disease. *Id.* In the present case, because the worker received total disability benefits as a result of silicosis, the statute provides that if he lived more than five years after his disablement his dependents were deprived of

death benefits. If he had not received total disability benefits, the even more draconian two year limitation applied. *See* note 1, *supra.*

If the statute is given effect, the claim was time-barred before it actually arose. We have examined the effect on constitutional rights of similar statutes under Ariz. Const. art. 18, § 6 and found them unconstitutional. *Kenyon v. Hammer,* 142 Ariz. 69, 74 n. 3, 688 P.2d 961, 966 n. 3 (1984); *Barrio v. San Manuel Division Hospital,* 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984). The same analysis is appropriate to the constitutionally protected right of injured workers or their dependents to receive compensation for work-related injuries. To arbitrarily require that one must die of a disease with as long a latency period as silicosis or asbestosis within two or five years of last employment precludes the exercise of the rights guaranteed by art. 18, § 8. Barring a dependent's claim before it accrues defeats the purpose and mandate of the constitutional provision to provide compensation for injuries or death.[2]

Respondents argue that the statute does not bar the claim but merely creates a presumption that a death which occurs after the two or five year period specified in the statute was not caused by the industrial exposure. Respondents cite neither evidence, medical literature nor legislative record that would provide any basis in fact for such a presumption. In any event, such a presumption, unless proved true in an individual case, is irrelevant to the issue before us. This is not an equal protection issue involving classification. It is, rather, an issue involving the validity of a statute which denies a right guaranteed by the Constitution. Compare: *Kenyon v. Hammer, supra,* with *Ford v. Industrial Commission, supra,* and *Barrio v. San Manuel Division Hospital, supra.* Nor is the five year requirement a regulation of the

---

**2.** We need not decide here the questions of whether A.R.S. § 23–1107(A) is an abrogation of the worker's rights to bring his own action or whether the 1200 shifts worked requirement can withstand the strict scrutiny with which we examine impingements on fundamental rights.

*See Kenyon v. Hammer,* 142 Ariz. at 79, 688 P.2d at 971. Nor need we decide whether the principle of exclusivity could survive a statute which deprived workers of compensation by barring claims before they could be filed.

method of proving cause. *Cf. Ford v. Industrial Commission,* 145 Ariz. at 518–19, 703 P.2d at 454–55. This statute does not attempt to regulate the manner or quantum of proof necessary to establish medical causation. It abrogates the claim even when causation is absolutely established. *Cf. DeSchaaf v. Industrial Commission,* 141 Ariz. 318, 686 P.2d 1288 (App.1984).

The *dependent's* claim based upon a work-related death could not arise until Alvarado died in 1981. Yet A.R.S. § 23–1107(B)(3) barred the claim after 1974. The five year bar of the statute of repose negates the constitutional requirement that the legislature enact a statute which provides compensation for injury or death sustained during the course of employment. The Constitution contains no time limitations. If the injury arises from employment, the claim cannot be barred before it accrues. *Kenyon,* 142 Ariz. at 74 n. 3, 688 P.2d at 966 n. 3.

■ After the injury or death from the disease has occurred, interests of finality, the need to bar stale claims, and the need to operate the compensation system efficiently allow the legislature to reasonably regulate the time in which the claim may be brought.[3] *Van Nelson v. Industrial Commission,* 134 Ariz. 369, 375, 656 P.2d 1230, 1236 (1982). To determine whether a statute is a "regulation" or an "abrogation" we must ask whether the statute in question provides the claimant or worker a "reasonable election" or opportunity to file the claim. *Barrio, supra,* 143 Ariz. at 106, 692 P.2d at 285. Barring the claim before it is possible to file it is an abrogation. *Id.* We therefore hold that A.R.S. § 23–1107(B)(3) is not a regulation, but an abrogation of the constitutional right to compensation for injuries. It violates the guarantee of art. 18, § 8. The dependents must be allowed the statutory period from the time the claim accrues to file their claims.

The memorandum decision of the court of appeals is vacated. The award based on the order of dismissal is vacated. The case

is remanded for further proceedings on petitioner's claim for death benefits.

GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

HOLOHAN, Chief Justice, dissenting.

I agree with the memorandum decision of the Court of Appeals.

---

**3.** We note that A.R.S. § 23–1061 provides that the statute of limitations commences to run when the worker knows or should know that "he has sustained a compensable injury."