733 P.2d 288

Ralph A. ALLEN, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bechtel Power Corporation, Respondent Employer,

Industrial Indemnity Company, Respondent Carrier.

No. 1 CA–IC 3412.

Court of Appeals of Arizona, Division 1, Department C.

July 15, 1986.

R.Y. Thrasher, P.C. by R.Y. Thrasher, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent The Industrial Com'n of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Donald L. Cross and J. Victor Stoffa, Phoenix, for respondent employer and respondent carrier.

OPINION

HAIRE, Judge.

This is a review of an Industrial Commission award denying compensation on the basis of lack of jurisdiction. Claimant claims that he injured his back in 1983 when he fell off a ladder in the course of his employment as a pipefitter. More than a year later, he filed a claim for compensation for back surgery which he alleged was causally related to the industrial incident. The carrier raised the issue of untimely filing pursuant to A.R.S. § 23–1061(D), and a hearing was held which was limited to the issue of jurisdiction. The administrative law judge found that the Commission had no jurisdiction to consider the claim, since it had been filed more than one year after the injury occurred and since claimant did not fall within any of the statutory exceptions to the one year filing limitation.

Claimant's only argument on appeal is that the 1980 statutory amendments to A.R.S. § 23–1061(A) violate Ariz. Const. art. XVIII, § 8 as interpreted in *Van Horn v. Industrial Commission*, 111 Ariz. 86, 523 P.2d 783, *modified*, 111 Ariz. 237, 527 P.2d 282 (1974).[1] He does not contend that his claim falls within any of the statutory exceptions. He argues that "[t]he legislature does not have the power to overrule the Supreme Court's interpretation of the Arizona Constitution. The Legislature has attempted to do just that by the provisions of the legislation in question." The constitutional standard set forth in *Van Horn I* was that, because of the Commission's inherent constitutional powers, a statute could not be enacted which would unduly restrict the power of the Commission to

---

1. To avoid confusion, the Arizona Supreme Court's initial decision in *Van Horn* will be referred to as *Van Horn I*. Its modified decision on rehearing will be referred to as *Van Horn II*.

excuse the late filing of a claim. Specifically, claimant relies on the court's statement: "The Commission has inherent powers under our Constitution to relieve a workman of his failure to file a timely application for compensation when the ends of justice dictate and the legislature may not unduly restrict that right." *Van Horn I*, 111 Ariz. at 89, 523 P.2d 783.

Obviously, the 1980 amendments expressly limit the Commission's authority to consider a late claim. A.R.S. § 23–1061(A), as amended in 1980, reads as follows:

"A. Notwithstanding the provisions of subsection D of § 23–908, no claim for compensation shall be valid or enforceable unless the claim is filed with the commission by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, in writing within one year after the injury occurred or the right thereto accrued. The time for filing a compensation claim begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury. Except as provided in subsection B of this section, neither the commission nor any court shall have jurisdiction to consider a claim which is not timely filed under this subsection, except if the employee or other party entitled to file the claim has delayed in doing so because of justifiable reliance on a material representation by the commission, employer or insurance carrier or if the employee or other party entitled to file the claim is insane or legally incompetent or incapacitated at the time the injury occurs or the right to compensation accrues or during the one-year period thereafter. If the insanity or legal incompetence or incapacity occurs after the one-year period has commenced, the running of the remainder of the one-year period shall be suspended during the period of insanity or legal incompetence or incapacity. If the employee or other party is insane or legally incompetent or incapacitated when the injury occurs or the right to compensation accrues, the one-year period commences to run immediately upon the termination of insanity or legal incompetence or incapacity. The commission upon receiving a claim shall give notice to the carrier."

Subsection (B) of § 23–1061 provides that failure to file within one year does not bar a claim if the carrier or employer has commenced the payment of certain compensation benefits.

Although the 1980 amendments to the one year filing provision actually make the requirements of A.R.S. § 23–1061 less restrictive by statutorily enacting several exceptions previously developed by decisional law, it is clear from the overall context that one of the purposes of the amendment was to preclude further case law erosion. Thus the statute now expressly provides that, subject to the exceptions set forth in the statute, "neither the commission nor any court shall have jurisdiction to consider a claim which is not timely filed under this subsection...." [2]

Claimant has not advanced any rationale to support his belief that the statutory amendments to A.R.S. § 23–1061 are unconstitutional, other than his reliance on the above-quoted statement from *Van Horn I*. He seems to be arguing that any legislative restriction would be unconstitutional, and that the only possible restriction on the Commission's discretion is that stated by the court in *Van Horn I*, the amorphous "ends of justice" standard.

The doctrine that the Commission somehow possesses inherent constitutional powers which are not subject to legislative restriction is without merit. This doctrine was initially stated in *Van Horn I*, but in *Van Horn II* the Arizona Supreme Court

---

**2.** Although the legislature used the word "jurisdiction", the word jurisdiction is often used ambiguously and we believe that the legislature meant jurisdiction in the sense of authority to grant relief. The one year limitation period is clearly not jurisdictional in the strict sense in light of subsection (D), which has been repeatedly interpreted by the courts as making timeliness an affirmative defense. *See Van Nelson v. Industrial Commission*, 134 Ariz. 369, 656 P.2d 1230 (1982); *Priedigkeit v. Industrial Commission*, 20 Ariz.App. 594, 514 P.2d 1045 (1973).

retreated from its broad constitutional analysis and based its ultimate decision on its interpretation of A.R.S. § 23–1061, as amended in 1968. *See* Laws 1968, 4th S.S., ch. 6, § 49. The inherent constitutional powers doctrine as set forth in *Van Horn I* has been justly criticized as an "extraordinary legal theory," not only in conflict with substantial prior Arizona precedent, but also totally lacking in "textual support in the constitution." *See* Note, *Workmen's Compensation—Failure to Timely File Workmen's Compensation Claim Transformed from Jurisdictional Bar to Affirmative Defense,* 1975 Ariz.St.L.J. 447 (1975). We agree with the writer's analysis, and it is perhaps for this reason that the Arizona Supreme Court switched from a constitutional analysis to a statutory interpretation analysis in its ultimate disposition, *Van Horn II.*

Claimant's further efforts to find support for his contention that the 1980 amendments are unconstitutional are not bolstered by his reference to *Van Nelson v. Industrial Commission, supra.* Although in that decision the Arizona Supreme Court utilized broad language in applying the three part *Parsons*[3] test to determine whether the Commission should have excused the late filing of a claim, the court was careful to note that it was considering A.R.S. § 23–1061 as it existed prior to the 1980 amendments, and commented that "[t]he new statute may cure problems such as the one presented by this case." *Id.* at 134 Ariz. 374 n. 2, 656 P.2d 1230.

Our supreme court has recently recognized that the legislature may reasonably regulate the time in which a compensation claim may be filed. *Alvarado v. Industrial Commission,* 148 Ariz. 561, 716 P.2d 18 (1986). The same act of the legislature which added the restrictive language to A.R.S. § 23–1061, amended § 23–947 so as to establish exclusive statutory grounds for excusing late filings of requests for hearings, thereby abrogating prior case law which applied the *Parsons* standards. *See* Laws 1980, ch. 246, §§ 25 and 34. These amendments to A.R.S. § 23–947 have been found to be constitutional. *Wilson v. Industrial Commission,* 147 Ariz. 261, 709 P.2d 895 (App.1985); *Holler v. Industrial Commission,* 140 Ariz. 148, 680 P.2d 1209 (App.1983), (*approved in part and vacated in part,* 140 Ariz. 142, 680 P.2d 1203 (1984), holding that the 1980 amendments to A.R.S. § 23–947 were constitutional).

For the foregoing reasons we reject claimant's argument that by adopting the 1980 amendments to A.R.S. § 23–1061, the legislature has attempted "to overrule the Supreme Court's interpretation of the Arizona Constitution." Notwithstanding the broad language in the initial *Van Horn* decision, it is our opinion that the Arizona Supreme Court has not evidenced an intention to hold that the legislature is powerless to place restrictions on the exercise by the legislatively created Commission of its legislatively imposed duties.

The decision entered by the Commission is affirmed.

EUBANK, P.J., and SHELLEY, J., concur.

3. *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972).