733 P.2d 290

**Ralph A. ALLEN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Bechtel Power Corporation, Respondent Employer,**

**Industrial Indemnity Company, Respondent Carrier.**

No. CV 86-0468-PR.

Supreme Court of Arizona, In Banc.

Feb. 20, 1987.

---

**3.** *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972).

R.Y. Thrasher, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, The Industrial Commission, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by J. Victor Stoffa and Donald L. Cross, Phoenix, for respondent employer/carrier.

CAMERON, Justice.

## I. JURISDICTIONAL STATEMENT

Ralph A. Allen, petitioner, seeks review of a court of appeals' decision affirming an award of the Industrial Commission of Arizona (Commission). The Commission denied jurisdiction to hear petitioner's workers' compensation claim because petitioner had failed to file his claim within one year as required by A.R.S. § 23–1061(A). We have jurisdiction pursuant to Arizona Constitution article VI, section 5(3) and A.R.S. § 23–948.

## II. ISSUES PRESENTED

We address the following issues:

1) Whether the 1980 amendment to A.R.S. § 23–1061(A) violates the constitutional provisions of Arizona Constitution article XVIII, section 8?

2) Whether the one-year filing requirement of A.R.S. § 23–1061(A) is an affirmative defense?

## III. FACTS AND PROCEDURAL BACKGROUND

Petitioner fell off a ladder during the course of his employment with Bechtel Power Corporation and suffered a back injury on 15 March 1983 for which he sought medical attention. Neither he, nor the treating physician, however, filed any claim for compensation based upon the initial medical treatment, pursuant to A.R.S. § 23–908(D). During the summer of 1984, petitioner was diagnosed as suffering from a herniated disk. Subsequently, on 27 August 1984, petitioner filed a claim for compensation. Bechtel's workers' compensation[1] insurance carrier, Industrial Indemni-

_____

1. "Workers' compensation" was substituted for     "workmen's compensation" by legislative

ty Company, denied the claim as untimely filed pursuant to A.R.S. § 23–1061(D).

At petitioner's request, a hearing was held to determine the limited issue of jurisdiction. The administrative law judge found that the Commission lacked jurisdiction to consider the claim for compensation because the claim had not been filed within the one-year period prescribed by the statute and because none of the statutory exceptions to the one-year filing requirement were available.

In the court of appeals, petitioner's sole argument was that the 1980 amendment to A.R.S. § 23–1061(A) violated Arizona Constitution article XVIII, section 8 as interpreted in *Van Horn v. Industrial Commission*, 111 Ariz. 86, 523 P.2d 783 (*Van Horn I*), *modified*, 111 Ariz. 237, 527 P.2d 282 (1974) (*Van Horn II*). Petitioner asserted that "[t]he legislature does not have the power to overrule the Supreme Court's interpretation of the Arizona Constitution and that by amending A.R.S. § 23–1061(A), the legislature attempted to do just that." To support his assertion, petitioner relied on the following statement from *Van Horn I*:

The Commission has inherent power under our Constitution to relieve a workman of his failure to file a timely application for compensation when the ends of justice dictate and the legislature may not unduly restrict that right.

111 Ariz. at 89, 523 P.2d at 786.

The court of appeals construed petitioner's argument as urging that any legislative restriction on the Commission's discretion would be unconstitutional. *Allen v. Industrial Comm'n*, 152 Ariz. 403, 404, 733 P.2d 288, 289 (App.1986). The court of appeals rejected petitioner's assertion that the Commission possesses inherent constitutional powers not subject to legislative restriction. *Id.* In doing so, the court of appeals pointed to the recent case of *Alvarado v. Industrial Commission*, 148 Ariz. 561, 716 P.2d 18 (1986). *Alvarado* recognized the need to "allow the legisla-

ture to reasonably regulate the time in which the [compensation] claim may be brought." *Id.* at 565, 716 P.2d at 22. The court of appeals upheld the constitutionality of the 1980 amendment to A.R.S. § 23–1061(A), stating:

it is our opinion that the Arizona Supreme Court has not evidenced an intention to hold that the legislature is powerless to place restrictions on the exercise by the legislatively created Commission of its legislatively imposed duties.

*Allen*, 152 Ariz. at 405, 733 P.2d at 290. Accordingly, the court of appeals affirmed the Commission's denial of jurisdiction.

The one-year statute of limitations for filing workers' compensation claims under A.R.S. § 23–1061(A) recently has been the subject of various appeals. *See Boone v. Industrial Comm'n*, CV 86–0402–PR (petition for review granted Oct. 7, 1986); *Pacific Fruit Express v. Industrial Comm'n*, CV 86–0259–PR (petition for review granted July 1, 1986); *see also Villegas v. Industrial Comm'n*, 149 Ariz. 382, 718 P.2d 1035 (App.1986) (no petition for review filed). Because of these cases, we accepted jurisdiction of the instant case to determine the constitutionality of the 1980 amendment to A.R.S. § 23–1061(A) limiting the authority of the Commission and the courts to waive compliance with the statutory requirement that claims for compensation be filed within one year.

## IV. HISTORY

As originally drafted, article XVIII, section 8 of the Arizona Constitution instructed the legislature to enact workmen's compensation coverage for those workmen employed in especially dangerous manual or mechanical labor. Section 8 preserved the workmen's common-law right to sue by providing workmen who suffered a work-related accident an election between the right to sue or the right to recover compensation. The legislature enacted the Workmen's Compensation Law of 1921, but it was declared unconstitutional by this court

amendment in 1984. Both terms will be used interchangeably.

**408**

in *Industrial Commission v. Crisman*, 22 Ariz. 579, 199 P. 390 (1921), because the act required the employee to elect his remedy before injury.

In 1925, the Arizona Legislature proposed amending article XVIII, section 8 to expand workmen's compensation coverage and to alter the election provision. Under the amended article, an employee in private employment would be deemed to have exercised the option to settle for compensation by failing to reject statutory coverage prior to a work-related injury.[2] *See* 1925 Ariz. Sess.Laws, 7th Reg.Sess. ch. 82, at 341–44 (House Bill No. 226). The proposed amendment mandated that the Arizona Legislature enact a Workmen's Compensation Act. Concurrently, the legislature passed the Workmen's Compensation Act (Act), in anticipation of the voters' approval of the constitutional amendment. *Id.* at ch. 83 (House Bill No. 227). The Act provided that it would not become effective until the constitutional amendment became law. *Id.* The constitutional amendment was approved by the voters at an election held 25 September 1925.

In the enactment of the workmen's compensation law, the legislature provided:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued." 1925 Ariz.Sess.Laws, *supra*, ch. 83, § 80(d), at 411–12.

As originally construed, this statutory requirement was strictly enforced. *Hartford Accident & Indem. Co. v. Industrial Comm'n*, 43 Ariz. 50, 55–56, 29 P.2d 142, 147 (1934) (the claim must be filed within one year after the date of the injury unless it is slight or trivial and then the statute runs from the date the results of the injury became manifest and compensable). Jurisdiction did not vest in the Commission until a formal application for compensation was filed. *Inspiration Consol. Copper Co. v. Smith*, 78 Ariz. 355, 358, 280 P.2d 273, 276 (1955).

We also considered whether the Commission had the discretion to relieve an applicant of the consequences of his failure to make a timely filing of a claim to reopen for the purpose of increasing the workman's compensation. *Parsons v. Industrial Comm'n*, 98 Ariz. 74, 402 P.2d 20 (1965). Parsons was appealing the Commission's

2. Article XVIII, section 8 of the Arizona Constitution currently provides:

The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof as may be defined by law and in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by failure of such employer, or any of his or its agents or employee or employees to exercise due care, or to comply with any law affecting such employment; provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer *or any person employed by said employer, acting in the scope of his employment,* as provided by this Constitution; and, provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury, *except that if the injury is the result of an act done by the employer or a person employed by the employer knowingly and purposely with the direct object of injuring another, and the act indicates a wilful disregard of the life, limb or bodily safety of employees, then such employee may, after the injury, exercise the option to accept compensation or to retain the right to sue the person who injured him.*
(1980 amendments underlined).

award denying additional compensation. The Commission contended that the proper procedure was to make an application to reopen. Parsons feared that the Commission would deny his claim by declaring his application untimely filed. In that context, we held that the Commission's preference for the application procedure rather than a petition for a rehearing constituted a circumstance warranting relief from the consequences of filing late. In so holding, we cited *Jones v. Industrial Commission*, 96 Ariz. 283, 287, 394 P.2d 213, 217 (1964), to support our broad conclusion that "the Commission has discretion to relieve an applicant of the consequences of his failure to make a timely filing of his claim for compensation where circumstances warrant relieving claimant from his failure to file claim within the time." *Parsons v. Industrial Comm'n*, 98 Ariz. at 76, 402 P.2d at 22.

We had indicated in *Jones, supra,* that A.R.S. § 23-908(E) would permit the Commission to relieve the claimant from the loss of compensation resulting from the employee's failure to report forthwith his accident to the employer as required by A.R.S. § 23-908(D). *Jones,* 96 Ariz. at 286-87, 394 P.2d at 216-17. *See* A.R.S. § 23-908(E) ("The commission may relieve the injured person ... from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee ... to report the accident and injury are such as to have excused them."). However, in *Jones,* we affirmed the Commission's award denying relief based on claimant's failure to file within one year of his injury.

Language from *Jones* and *Parsons v. Industrial Commission* was utilized in 1972 to overturn earlier cases depriving the Commission of jurisdiction where the claimant failed to request a hearing within 60 days after notice of termination of compensation. *Parsons v. Bekins Freight*, 108 Ariz. 130, 132, 493 P.2d 913, 915 (1972). *See* A.R.S. § 23-947 (1971) ("A hearing on any question relating to a claim shall not be granted unless the employee has previ-ously filed an application for compensation within the time and in the manner prescribed by § 23-1061, and such request for a hearing is filed within sixty days....").

In *Parsons v. Bekins Freight,* we overturned nearly twenty years of precedent by establishing a three-part test to be used by the Commission in determining whether the untimeliness of a filing should be waived: 1) the claimant appears to have a meritorious excuse for the untimely filing; 2) the facts establish that there has not been excessive delay; and 3) the delay does not prejudice the employer/insurance carrier. *See Parsons v. Bekins Freight,* 108 Ariz. at 132, 493 P.2d at 915.

In contrast to the increasingly liberalized interpretation of the request-for-hearing requirement of A.R.S. § 23-947 we reiterated, in 1967, our strict interpretation of the filing-of-a-claim requirement imposed by A.R.S. § 23-1061, stating:

> The statute clearly requires that an application must be filed within one year before a claim can be enforceable. The requirement of a claim is basic to the Workmen's Compensation Act and cannot be ignored at the discretion of one of the parties or of the Commission.
>
> \*     \*     \*     \*     \*     \*
>
> The Industrial Commission does not have jurisdiction over the matter until an application or claim is received from the injured party. 'In making an award the commission exercises a judicial function and it acquires no jurisdiction of a case until a formal application for compensation is filed with it.'

*Collins v. Industrial Comm'n,* 102 Ariz. 509, 511, 433 P.2d 801, 803 (1967) (citations omitted) (interpreting A.R.S. § 23-1061(D) (1956)).

Responding to the *Collins* decision, the legislature amended A.R.S. § 23-1061 in 1968 by adding an additional subsection: "The issue of failure to give notice must be raised at the first hearing on a claim for compensation...." A.R.S. § 23-1061(D) (effective Jan. 1, 1969). This amendment transformed the one-year filing require-

ment from a jurisdictional bar to an affirmative defense. *Priedigkeit v. Industrial Comm'n,* 20 Ariz.App. 594, 597, 514 P.2d 1045, 1048 (1973). With the statute of limitations characterized as an affirmative defense, the doctrine of equitable estoppel would permit the claimant to argue facts to excuse his late filing.

Once directly presented with the issue of the Commission's authority to relieve the late filing of a claim for compensation, we did not rely exclusively on the statutory amendment of A.R.S. § 23–1061 nor on the statutory interpretation utilized by *Jones* and *Parson v. Bekins Freight.* In *Van Horn I, supra,* we stated:

> The Commission has inherent power under our Constitution to relieve a workman of his failure to file a timely application for compensation when the ends of justice dictate and the legislature may not unduly restrict that right.

*Van Horn I,* 111 Ariz. at 89, 523 P.2d at 786. *But see* Casenote, "Workmen's Compensation—Failure to Timely File Workmen's Compensation Claim Transformed from Jurisdictional Bar to Affirmative Defense," 1975 Ariz.St.L.J. 446, 450. Our position was changed in *Van Horn II, supra.*

In *Van Horn II,* we stated that the amended statute would relieve the claimant of his failure to file timely "without the necessity of the very broad language we used in the prior opinion in this case." *Van Horn II,* 111 Ariz. at 239, 527 P.2d at 284. We recognized that as the one-year filing requirement must be considered an affirmative defense, "the doctrine of equitable estoppel may be applied to prevent an employer from raising the bar of the one-year limitation where he had, by his own conduct, caused the employee to forebear filing a claim...." We also stated, "We believe that the statute as amended complies with the constitutional mandate to the legislature to provide a 'just and humane compensation law'...." *Id.* In *Van Horn II,* we did not retreat from the view that the legislature may not enact a statute that unduly restricts access to the Commis-

sion contrary to the "humane purposes" of the constitution.

In 1980, the legislature once again amended A.R.S. § 23–1061 expressly to deprive the Commission and the courts of jurisdiction to excuse late filings except on certain enumerated grounds. The statute, A.R.S. § 23–1061(A), as amended in 1980, reads in pertinent part:

> [N]o claim for compensation shall be valid or enforceable unless the claim is filed with the commission by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, in writing within one year after the injury occurred or the right thereto accrued. The time for filing a compensation claim begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury. Except as provided in subsection B of this section, neither the commission nor any court shall have jurisdiction to consider a claim which is not timely filed under this subsection, except if the employee or other party entitled to file the claim has delayed in doing so because of justifiable reliance on a material representation by the commission, employer or insurance carrier or if the employee or other party entitled to file the claim is insane or legally incompetent or incapacitated at the time the injury occurs or the right to compensation accrues or during the one-year period thereafter.

A.R.S. § 23–1061(A) (Supp.1983).

Despite the new language of subsection A, subsection D continues to read: "The issue of failure to file a claim must be raised at the first hearing on a claim for compensation in respect to the injury or death." A.R.S. § 23–1061(D) (Supp.1983).

## V. CONSTITUTIONALITY OF THE 1980 AMENDMENT TO A.R.S. § 23–1061(A)

When interpreting the powers of the Commission bestowed by the Act, we have stated:

The commission is an agency of the state, created and maintained for the purpose of administering certain of the state's sovereign powers, and must proceed and act according to legislative authority as expressed or necessarily implied.

*Industrial Comm'n v. Arizona Power Co.,* 37 Ariz. 425, 439, 295 P. 305, 319 (1931); *see Sims v. Moeur,* 41 Ariz. 486, 494, 19 P.2d 679, 687 (1933) ("It must be remembered that the commission is a creature of statutory origin and that it can do only those things or exercise those powers that are expressly conferred or necessarily implied in the law."); *Pressley v. Industrial Comm'n,* 73 Ariz. 22, 31, 236 P.2d 1011, 1020 (1951) ("It has been settled in this state that the commission derives its powers from statute and therefore has no powers except those expressly conferred or necessarily implied in the law.").

This interpretation of the Commission's powers is consistent with the interpretation generally given to administrative agencies' powers.

The rule in Arizona is that an administrative officer and agencies have no common law or inherent powers. The powers and duties of an administrative agency are to be measured by the statute creating them.

*Cox v. Pima County Law Enforcement Merit Sys. Council,* 27 Ariz.App. 494, 495, 556 P.2d 342, 343 (1976), *relying upon Kendall v. Malcolm,* 98 Ariz. 329, 334, 404 P.2d 414, 417 (1965). *See also Atkinson, Kier Bros., Spicer Co. v. Industrial Comm'n,* 35 Ariz. 48, 52, 274 P. 634, 638 (1929) ("constitutional provision is not a grant of power but a command to enact a Workmen's Compensation Law....").

This does not mean, however, that the legislature is not limited by the constitution when it enacts a workmen's compensation act. *See* Ariz. Const. art. XVIII, § 8.

■ Until today, we have not directly addressed the constitutionality of the 1980 amendment to A.R.S. § 23–1061(A) (claim for compensation). Our analysis may be aided, therefore, by considering the judicial interpretations of the substantially similar amendment to A.R.S. § 23–947 (time within which a hearing must be requested).

In 1980, the legislature amended A.R.S. § 23–947(B), specifically rejecting the Commission's or the courts' authority to waive compliance with the filing requirement under A.R.S. § 23–947(A):

The industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

A.R.S. § 23–947(B) (Supp.1983).

The court of appeals has addressed the constitutionality of these amendments. *Wilson v. Industrial Comm'n,* 147 Ariz. 261, 709 P.2d 895 (App.1985); *Holler v. Industrial Comm'n,* 140 Ariz. 148, 680 P.2d 1209 (App.1983), *approved in part, vacated in part,* 140 Ariz. 142, 680 P.2d 1203 (1984). Both *Wilson* and *Holler* rejected the claimants' contention that prior judicial interpretation had grafted substantive rights onto the section and instead characterized A.R.S. § 23–947 as a statute of limitations and therefore procedural, even though its effect may be determinative. *Wilson,* 147 Ariz. at 265, 709 P.2d at 899; *Holler,* 140 Ariz. at 152, 680 P.2d at 1213.

We did not accept review of the constitutional issue in *Holler;* instead, we addressed whether the claimant's reliance on the Commission's calculation of wages qualified as a representation under A.R.S. § 23–947(B)(1) to excuse his late filing. *Holler,* 140 Ariz. at 143, 680 P.2d at 1206. We held that the claimant's reliance was justifiable and, therefore, that his untimely filing was excused under an express excep-

412

tion of the statute. *Id.* at 146, 680 P.2d at 1207 (relying upon A.R.S. § 23–947(B)(1)).

As to the constitutional issue, we recently recognized that the legislature may reasonably regulate the time in which the claim for compensation may be filed. *Alvarado v. Industrial Comm'n,* 148 Ariz. 561, 565, 716 P.2d 18, 22 (1986) (occupational disease claim under A.R.S. § 23–1107(B)(3)). In *Alvarado,* we identified the concerns prompting the imposition of a statute of limitations for the filing of compensation claims: "interests of finality, the need to bar stale claims, and the need to operate the compensation system efficiently...." *Id.*

The same considerations apply in this case. Because A.R.S. § 23–1061(A) provides the claimant with a reasonable opportunity to file a claim, "one year after the injury occurred or the right thereto accrued", it does not violate the "just and humane" purposes of the constitutional amendment. We hold that A.R.S. § 23–1061(A) is a reasonable regulation and does not violate the constitutional guarantee of article XVIII, section 8. We note that the court of appeals in this case indicated that *Van Horn I* has been repealed by statute. We do not agree. We believe the legislature is still limited by the "humane purpose" of the constitution and may not enact contrary legislation.

## VI. STATUTE OF LIMITATIONS IS AN AFFIRMATIVE DEFENSE

■ Having found A.R.S. § 23–1061(A) to be constitutional, we now turn to the question of whether the one-year statute of limitations, as provided in A.R.S. § 23–1061(A), acts as an affirmative defense or a jurisdictional bar.

As previously discussed, the legislature expressly amended A.R.S. § 23–1061 in 1968 by providing: "The issue of failure to file a claim must be raised at the first hearing on a claim for compensation...." A.R.S. § 23–1061(D). The current statute retains this provision which consistently has been construed to act as an affirmative defense. *Priedigkeit v. Industrial*

*Comm'n,* 20 Ariz.App. at 597, 514 P.2d at 1048 (one-year filing requirement is in the nature of an affirmative defense). Failure to file timely was deemed waived if not timely asserted. *Magma Copper Co. v. Industrial Comm'n,* 139 Ariz. 38, 44, 676 P.2d 1096, 1102 (1983); *Priedigkeit,* 20 Ariz.App. at 597, 514 P.2d at 1048; 3 A. Larson, *Workmen's Compensation Law* § 78.72 (1983 & Supp.1985).

Treating the one-year filing requirement as an affirmative defense is consistent with general civil procedure. *See Dicenso v. Bryant Air Conditioning Co.,* 131 Ariz. 605, 606, 643 P.2d 701, 702 (1982) (affirmative defense of statute of limitations may be raised by motion in Arizona). *But see Transamerica Ins. Co. v. Trout,* 145 Ariz. 355, 358, 701 P.2d 851, 854 (App.1985) (statute of limitations defense waived only if it is not asserted prior to judgment).

Without deleting A.R.S. § 23–1061(D), the legislature inserted new language into subsection A: "neither the commission nor any court shall have jurisdiction to consider a claim which is not timely filed...." A.R.S. § 23–1061(A). Recognizing the conflict presented by this language, the court of appeals in the instant case offered this explanation:

> Although the legislature used the word "jurisdiction", the word jurisdiction is often used ambiguously and we believe that the legislature meant jurisdiction in the sense of authority to grant relief. The one year limitation period is clearly not jurisdictional in the strict sense in light of subsection (D), which has been repeatedly interpreted by the courts as making timeliness an affirmative defense.

*Allen,* 152 Ariz. at 404 n. 2, 733 P.2d at 289 n. 2 (citations omitted). We agree. The one-year filing requirement is in the nature of an affirmative defense and will be deemed waived unless timely asserted.

## VII. HOLDING

We hold that the 1980 amendment to A.R.S. § 23–1061(A) is constitutional and

that the one-year filing requirement remains an affirmative defense which may, therefore, be waived. In the instant case, the petitioner did not timely file his claim within one year as required by A.R.S. § 23–1061(A) and the untimeliness of the claim was not waived. The opinion of the court of appeals is vacated. The award is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.