NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERICA WILSON, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ALLIED UNIVERSAL, *Respondent Employer*,

XL INSURANCE AMERICA, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0018
FILED 12-13-2022

Special Action - Industrial Commission
ICA Claim No. 20210960433
Carrier Claim No. 1D68 780 501712 2
The Honorable Amy L. Foster, Administrative Law Judge

**AWARD AFFIRMED**

APPEARANCES

Erica Wilson, Mesa
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Kirk A. Barberich
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1      Erica Wilson challenges the denial of her Industrial Commission of Arizona ("ICA") award finding that she filed an untimely claim for workers' compensation benefits. For reasons that follow, we affirm the award.

¶2      In September 2019, Wilson fell in a parking lot while working as a security guard for Allied Universal ("Allied"). In August 2020, she filed a workers' compensation claim with the ICA, but incorrectly stated her injury occurred in November 2019. Allied's carrier denied the claim, and Wilson did not file a protest.

¶3      In April 2021, Wilson filed a "new" claim for the same injury, but this time she listed the correct date of injury. That claim was also denied. Wilson timely protested that denial, and an evidentiary hearing was set. Allied affirmatively asserted that Wilson had not filed a timely claim for a September 2019 injury.

¶4      After an evidentiary hearing, the Administrative Law Judge ("ALJ") issued an award denying Wilson's claim. The ALJ found that Wilson filed a timely claim in August 2020 with an incorrect date of injury, but the denial became final when Wilson did not file a protest. The ALJ then determined that Wilson's April 2021 claim was untimely because it exceeded the one-year time limit. Wilson timely requested administrative review, and the award was affirmed. Wilson then sought review by this court. We have jurisdiction under A.R.S. §§ 12-120.21(A)(2) and 23-951(A).

¶5      In reviewing an ICA award, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We consider the evidence in a light most

favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶6** An injured worker must file a claim "within one year after the injury occurred or the right thereto accrued." A.R.S. § 23-1061(A). An allegation that a claim was untimely filed is an affirmative defense. *Allen v. Indus. Comm'n*, 152 Ariz. 405, 412 (1987).

**¶7** In her appellate briefing, Wilson does not make any arguments addressing the timeliness of her claim. Instead, she seems to focus on whether she sufficiently proved she was injured in September 2019, an issue that was resolved in her favor. Because Wilson has not raised any meaningful contention that the ICA award was arbitrary or lacks evidentiary support, we affirm. *See* A.R.S. § 23–951(B) (stating that appellate review of an ICA award is limited to "determining whether the commission acted without or in excess of its power" and whether the findings of fact supported the ALJ's decision).

