NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PATRICK BARNES, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SEATTLE MARINERS MAJOR LEAGUE BASEBALL, *Respondent Employer*,

UNITED STATES FIDELITY & GUARANTY, *Respondent Carrier.*

No. 1 CA-IC 22-0042
FILED 6-13-2023

Special Action - Industrial Commission
ICA Claim No. 20220310296
Carrier Claim No. 042-CB-FVC6021-K
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Patrick Barnes, Jacksonville Beach, FL
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Slavin, P.C., Phoenix, AZ
By Kirk A. Barberich
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1        Patrick Barnes challenges an Industrial Commission of Arizona ("ICA") Award that dismissed his claim for lack of jurisdiction because it was not timely filed. Our review of the record brings us to the same conclusion. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In 1998, Barnes signed a contract to play baseball with the Seattle Mariners. While pitching for a Mariners farm team based in Wisconsin in the spring of 2002, he hurt his shoulder during a game in Illinois. After a few days of treatment at the Wisconsin base, the team sent him to its minor league facility in Arizona for rehabilitation. Soon after, the Mariners released him from the team. He sought work with other teams and signed another contract with the Cleveland Indians in 2004, but that was short-lived, and he did not play professionally after 2007. His shoulder continued to need treatment.

¶3        In January 2022, he filed an Arizona workers' compensation claim for the 2002 injury. The Mariners and its carrier, United States Fidelity & Guaranty, denied the claim. Barnes requested a hearing. In June 2022, the ICA conducted a hearing solely on whether it had jurisdiction to hear the claim based on when it was filed.

¶4        Barnes testified at the hearing. When asked why he had waited so long to file a claim, he answered that no one told him, nor was he aware that he could file a workers' compensation claim for the injury until he tried to get medical records from the Mariners in 2022. Once he learned about workers' compensation, he filed his claim. At the hearing, he testified: "I wish I would have known. I would have done something sooner."

**¶5**        The ICA Administrative Law Judge ("ALJ") issued an award dismissing the claim for lack of jurisdiction because the claim was not filed within one year of the injury, and no statutory exception applied. The award was affirmed upon administrative review. This special action review followed.

## DISCUSSION

**¶6**        An injured worker must file a claim "within one year after the injury occurred or the right thereto accrued." A.R.S. § 23-1061(A). The time for filing "begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that the claimant has sustained a compensable injury." *Id*. Failure to file timely is excusable if the worker (1) justifiably relied on "a material representation by the commission, employer or insurance carrier"; or (2) "is insane or legally incompetent or incapacitated at the time the injury occurs or the right to compensation accrues or during the one-year period thereafter." *Id*. An allegation that a claim was untimely filed is an affirmative defense. *Allen v. Indus. Comm'n*, 152 Ariz. 405, 409–10 (1987).

**¶7**        Barnes has not argued that any of the statutory exceptions apply to him. Nor did he provide evidence supporting any statutory excuses for failing to file his claim on time. The ALJ's finding that Barnes knew he had sustained a compensable injury in 2002 is a reasonable conclusion from the evidence presented. Her rejection of Barnes' assignment of blame on the Mariners organization is also reasonable. *See McCormick v. Indus. Comm'n*, 96 Ariz. 88, 90 (1964) (A late-filed claim is not excused by blaming the "negligence and dereliction" of another.). Because of this, neither the ICA nor this court has the jurisdiction to consider the claim. A.R.S. § 23-1061(A).

## CONCLUSION

**¶8**        We affirm the dismissal of Barnes' claim for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:     JT