360 P.2d 1024

Marvin R. McGEE, Petitioner,

v.

SAN MANUEL COPPER CORPORATION,
Respondent Employer,

and

INDUSTRIAL COMMISSION OF ARIZONA,
Insurance Carrier, Respondents.

No. 6902.

Supreme Court of Arizona.

April 12, 1961.

Finn & Knudsen, Phoenix, formerly Finn, Gorey & Ely, Phoenix, for petitioner.

Guynn, Twitty & Sievwright, by John F. Mills, Phoenix, for respondent Employer.

James D. Lester, Phoenix, for respondent Industrial Commission.

UDALL, Justice.

The petitioner was employed in the mining operations of the San Manuel Corporation, respondent herein, on the 15th day of October 1956. He continued his em-

ployment until June 13, 1958. On October 14, 1958, the petitioner filed a claim with the Industrial Commission of Arizona in which he asserted that on April 25, 1957 (nearly 18 months prior to the filing of this claim), while working in the regular course of his employment, he sustained a severe muscle strain that caused a hernia to develop in the right inguinal, scrotal area. The evidence shows that the petitioner informed his wife, who was a registered nurse, of the alleged injury the same day that it occurred and she told him that it was a rupture; that on April 29, 1957 he purchased a truss which he says that he used for a period of time. However, the petitioner did not inform the mining company of his alleged injury, his excuse being that he was afraid to let them know for fear he would lose his job and that he was heavily involved in debt.

On October 22, 1958, the Commission entered an award of noncompensable claim for the reason:

"That applicant failed to file Workmen's Claim for Compensation within one (1) year after the date upon which the injury occurred, or the right thereto accrued as provided by A.R.S. Section 23-1061, 1956, (d)."

On rehearing the Commission heard all the evidence and affirmed the previous finding and award on the basis that they were supported by competent evidence.

A.R.S. § 23-1061, subd. D, provides:

"No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

We have made clear that this one year limitation on filing of claims begins to run not from the date of the accident but from the date the results of the injury become manifest. Hartford Accident, etc. Co. v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142; Inspiration Consolidated Copper Company v. Smith, 78 Ariz. 355, 280 P.2d 273. The determination of when the result of the injury became manifest is exclusively the province of the Commission as the trier of fact and not for this court. Ocean Accident & Guaranty Corporation v. Industrial Commission, 32 Ariz. 54, 255 P. 598; Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997; Kennecott Copper Corp. v. Industrial Commission, 62 Ariz. 516, 158 P.2d 887; Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596. This court is limited in its review to a determination of whether or not there is evidence in the record which would justify the finding of the Commission. See, e. g., Muchmore v. Industrial Commission, 81

Ariz. 345, 306 P.2d 272; Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643.

In this case the Commission found that the claim was not timely filed. On rehearing, petitioner, who was assisted by counsel, presented extensive evidence on the issue of when the result of the injury became manifest. Having heard and weighed all this evidence the Commission concluded that the evidence supported its original finding. We agree that the Commission had before it sufficient evidence to justify a finding that the result of the injury was manifest more than one year before the filing of the instant claim. Petitioner testified on his own behalf that the day the injury occurred (approximately 18 months before he filed his claim) his wife, a registered nurse, informed him that his injury would require surgery. He admitted needing a truss and that he did not report the injury to his employer because he did not want to lose any working time which would be compensable at a lower rate than full working pay. These facts alone are sufficient to justify the determination of the Commission. The decision of the Commission being thus justified by the evidence we cannot disturb it on appeal and must therefore affirm the award.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.