718 P.2d 1035

**Jesus A. VILLEGAS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Kennecott Copper Company, Respondent Employer,**

**Kennecott Corporation c/o Diversified Risk Management, Respondent Carrier.**

**No. 1 CA–IC 3342.**

Court of Appeals of Arizona, Division 1, Department B.

April 29, 1986.

Tretschok, McNamara & Clymer, P.C. by Patrick R. McNamara and Julia Schmidt, Tucson, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Fennemore, Craig, von Ammon, Udall & Powers by Scot Butler, III, Michael Preston Green, Scott M. Finical, Phoenix, for respondent employer & carrier.

## OPINION

CONTRERAS, Judge.

The issue on appeal in this case is a very limited jurisdictional one: was the claim timely filed within A.R.S. § 23–1061(A)? We conclude that the claim was timely filed and therefore we set aside the Industrial Commission decision and award of November 16, 1984.

The claimant was employed by Kennecott Copper Company from 1954 to 1981. For sixteen years, claimant operated bulldozers inside an ore storage building, including a D–7 bulldozer which was so noisy that workers inside the building communicated with each other by written messages and hand signals. Claimant testified that oftentimes after his work shift, his ears rang and he felt "very sick ... like you have a big head full of air and nervous...." He also testified that he and his co-workers requested protective ear devices from the respondent employer and discussed among themselves the discomfort caused by the excessive noise.

Only after the claimant retired in May of 1981 did he begin to notice a loss of hearing ability.[1] His hearing loss became noticeable to him and to his wife in quiet surroundings, whereas any earlier problems with hearing had occurred while claimant was still exposed to noisy work surroundings.

---

1. The claimant testified about the first time he noticed a "hearing loss" specifically on direct examination. On cross examination, claimant was asked about his general physical symptoms, i.e., ringing in his ears, sleeplessness, and nervousness, but not directly about his loss of hearing.

After his retirement and as soon as he discovered the problem with his hearing, the claimant sought medical advice. Between 1981 and 1983, claimant visited six doctors. Five of those doctors were employed as or were recommended by Kennecott company doctors. One doctor to whom claimant was referred specialized in ear, nose and throat problems. The various doctors prescribed a variety of treatments, including vitamin B–1, ear washes for wax build-up, valium, sleeping pills, and a tonsillectomy. Not one of the doctors diagnosed claimant's hearing loss or suggested that his symptoms were related to his work.

Finally, in December of 1983, claimant visited Sylven L. Schaffer, M.D. Dr. Schaffer diagnosed claimant's condition as irreversible hearing loss due to "dead nerves."[2] He attributed the cause of the hearing loss to claimant's exposure to noise during his employment with Kennecott.

Based on Dr. Schaffer's diagnosis of irreversible hearing loss and his opinion that this condition was causally related to claimant's industrial exposure, claimant promptly filed a workers' compensation claim. The claim was denied by the carrier and the claimant requested a hearing.

A formal hearing was conducted on October 24, 1984. Only the claimant testified. The sole issue at the hearing was the timeliness of claimant's claim under A.R.S. § 23–1061(A), which would determine whether the Industrial Commission had jurisdiction to consider the claim.

A.R.S. § 23–1061(A) requires that a claim for workers' compensation be filed "within one year after the injury occurred or the right thereto accrued." That section continues, "[t]he time for filing a compensation claim begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury." This standard ap-

plies to determine the date of injury for a claim of gradual injury or occupational disease. *Nelson v. Industrial Commission*, 134 Ariz. 369, 656 P.2d 1230 (1982).

The administrative law judge issued his Decision upon Hearing and Findings and Award Re Jurisdiction and Dismissing Request for Hearing on November 16, 1984, concluding that the claim was untimely under A.R.S. § 23–1061(A).

Finding 7 of the decision and award explains:

> The evidence establishes that applicant's condition was manifest in excess of one year prior to the filing of his claim. The evidence further establishes that the applicant either knew or should have known in excess of one year prior to the filing of his claim that his work activities with the defendant employer had an effect on his condition. This is evidenced by applicant's discussions about the need for ear protection on the job, and his requests for protective devices. Accordingly, it is the finding herein that applicant has failed to sustain his burden of proof.

Finding 7 ignores the fact that claimant's work-related injury or "condition" is the irreversible hearing loss which was finally diagnosed by Dr. Schaffer late in 1983. This condition, left undiagnosed by no less than six other doctors, can by no means be considered "manifest" to claimant. Further, without knowledge of the condition itself, claimant cannot be charged with the knowledge that his work activities effected the condition. Finding 7 would be an accurate statement of the evidence only if claimant's condition was limited to the general discomfort caused by the noise at work, including the ringing in his ears, sick feelings, sleeplessness and nervousness, all of which claimant admitted were "manifest" symptoms connected, at least temporally, to his work activities.[3] However,

---

**2.** The record on appeal does not contain Dr. Schaffer's report or diagnostic notes with a more sophisticated description of the medical cause of claimant's condition.

**3.** To our knowledge, and based upon the present record, none of the six doctors who claimant visited prior to Dr. Schaffer, including the Kennecott company doctors, suggested a causal rela-

**384**

claimant's report of injury filed with the Industrial Commission on February 14, 1984, describes his injury as *"gradual hearing loss; dead nerves in ear; ringing in ears."* (Emphasis added.)

Finding 7 compels conclusions with which we cannot agree: (1) that claimant's injury was not the irreversible hearing loss diagnosed by Dr. Schaffer, but rather the general discomfort and various symptoms he had experienced while working, of which we agree he was fully aware, or (2) that claimant's request for on-the-job protection from the noise proves that he was aware of his irreversible hearing loss. These conclusions and the administrative law judge's ultimate decision cannot reasonably be supported by the available evidence.

We agree with claimant that knowledge of loud working surroundings and the discomfort and symptoms caused by the noise is far different than knowledge of a permanent medical condition such as claimant's irreversible hearing loss. The fact that claimant, along with other employees, requested protective ear devices from his employer indicates his knowledge of the noise and discomfort while at work, but cannot be construed to constitute knowledge of a permanent medical condition. We refuse to hold claimant to the knowledge that his job had caused a serious medical condition of irreversible hearing loss when six doctors did not know it. The doctors, in fact, led claimant to believe he was suffering non-work-related problems with his tonsils, ear wax, nervous system, or age.

The time period for filing a claim does not begin to run until the claimant, judged by the standard of a reasonable person, recognizes the "nature, seriousness and probable compensable character" of his injury. 3 A. Larson, *Workmen's Compensation Law* § 78.41(a) at 15–155 (1983). We find no evidence to support a finding that the claimant in this case recognized, or

tionship between any of these symptoms and

should have recognized, the nature, seriousness or compensable character of his hearing loss until after his retirement and his diligent pursuit of a satisfactory medical opinion. Similar cases in Arizona have refused to hold complex medical conditions "manifest" to an employee even though the employee's type of work and earlier symptoms would seem, in retrospect, to indicate the possibility of a permanent condition. *See M.M. Sundt Construction Co. v. Industrial Commission,* 124 Ariz. 94, 602 P.2d 475 (1979) (compensability of the condition did not become manifest until diagnosis disclosed the severity of the injury); *Employers Mutual Liability Ins. Co. of Wisconsin v. Industrial Commission,* 24 Ariz.App. 427, 539 P.2d 541 (1975) (an employee is not expected to know the nature of the disability or its relationship to the employment before they are reasonably ascertainable by the medical profession). *Cf. Pacific Fruit Express v. Industrial Commission,* 1 CA–IC 3372, (Ariz.App. Jan. 28, 1986) (employee admitted knowledge of hearing *loss* and its relation to work many years before filing claim).

Based upon the record before us, we conclude that claimant's condition, for jurisdictional purposes, became manifest in December, 1983, and his claim was timely filed in February, 1984, well within the one-year period required by A.R.S. § 23–1061(A). The award is set aside.

JACOBSON, P.J., and CORCORAN, J., concur.

claimant's work environment.