735 P.2d 820

**PACIFIC FRUIT EXPRESS,**
**Petitioner Employer,**

**Pacific Fruit Express,**
**Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF**
**ARIZONA, Respondent,**

**Isidoro B. Verdugo,**
**Respondent Employee.**

**No. CV 86–0259–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 20, 1987.
Supplemental Opinion May 7, 1987.

Bonnet, Fairbourn & Friedman by William G. Fairbourn, Julie A. Doherty and

Cynthia van R. Cheney, Phoenix, for petitioners.

Dennis P. Kavanaugh, Chief Counsel, the Industrial Com'n, Phoenix, for respondent.

Tretschok, McNamara & Clymer, P.A. by Brian I. Clymer, Tucson, for respondent employee.

CAMERON, Justice.

## I. JURISDICTIONAL STATEMENT

Isidoro B. Verdugo, claimant, seeks review of a court of appeals' decision setting aside an award issued by the Industrial Commission of Arizona (Commission) for his hearing loss suffered while an employee of Pacific Fruit Express. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and A.R.S. § 23–948.

## II. ISSUES PRESENTED

The issues presented on this review are

1) Is the 1980 amendment to A.R.S. § 23–1061(A) constitutional?

2) When does the statute of limitations begin to run on a "compensable claim" under A.R.S. § 23–1061(A)?

3) Who carries the burden of proving lack of prejudice to an employer when claimant fails to report "forthwith" an injury as required by A.R.S. § 23–908(D) and (E)?

4) Did claimant establish a compensatory injury?

## III. FACTS AND PROCEDURAL BACKGROUND

Claimant has worked for Pacific Fruit Express (Pacific Fruit) since 1948 except for a three-year period from 1957 to 1960. He worked in a variety of positions, some of which exposed him to very high noise levels. In the late 1970s, claimant became aware of his loss of hearing. He never missed any time from work nor received any medical treatment for his hearing problem. He never reported any problem with his hearing to Pacific Fruit until 1983.

In November 1983, claimant filed a claim for workers' compensation for his hearing loss. In February 1984, claimant's hearing was tested for the first time. Dr. Hodgson, an ear specialist, diagnosed claimant as suffering from a permanent bilateral high frequency hearing loss of a type commonly associated with loud noise exposure.

At the industrial hearing, physicians testified that claimant's hearing loss resulted from working at Pacific Fruit. Although permanent, the hearing loss is not ratable under the American Medical Association's *Guides to the Evaluation of Permanent Impairment.* Nevertheless, the physicians recommended that the claimant receive protection, rehabilitation and periodic audiometric testing in the future.

The administrative law judge issued an award for a compensable claim. He found that claimant's hearing loss was attributable to noise exposure at Pacific Fruit. The administrative law judge determined that although claimant had noticed hearing difficulties in the late 1970s, not until the February 1984 audiometric testing did he relate his condition to his employment. Consequently, the condition was not compensable until claimant was medically diagnosed. The administrative law judge concluded that claimant timely filed his claim under A.R.S. § 23–1061(A).

Addressing whether claimant failed to forthwith report his injury as required by A.R.S. § 23–908(D), the administrative law judge found that because claimant may not have made the logical connection between his hearing loss and his employment until so informed by a physician, the failure to report was justifiable and excused claimant's failure, pursuant to A.R.S. § 23–908(E). Furthermore, the administrative law judge found that Pacific Fruit had failed to carry the burden of showing that it was prejudiced by any failure to report forthwith.

The court of appeals set aside the Commission's award, finding that the evidence presented did not support the administrative law judge's determination. *Pacific Fruit Express v. Industrial Comm'n,* 153 Ariz. 206, 735 P.2d 816 (1986). While agreeing that mere knowledge was insufficient to

trigger the one-year filing period of A.R.S. § 23–1061(A), the court of appeals stated that the proper test for determining when an injury becomes manifest is that point in time when the facts establish that the claimant "knew or should have known that the illness or disability was causally connected to the industrial exposure." *Id., quoting Nelson v. Industrial Comm'n,* 134 Ariz. 369, 372, 656 P.2d 1230, 1233 (1982). Because claimant testified that he was aware in the late 1970s of his hearing problems and that he knew that loud noises at Pacific Fruit could cause his hearing problems, the injury became manifest more than one year prior to the filing of the claim for compensation.

The court of appeals additionally stated that the administrative law judge improperly had shifted the burden of showing prejudice to the employer. Instead, the court held, the burden of raising the issue of failure to report forthwith is on the employer, but once raised, the burden of establishing an excuse for failure to report forthwith shifts to the claimant and an element of this excuse is a showing of lack of prejudice to the employer.

The court did agree, however, that claimant suffered a compensable injury, despite its not being ratable, because he would incur future expenses in rehabilitation and periodic testing.

## IV. CONSTITUTIONALITY OF 1980 AMENDMENT TO A.R.S. § 23–1061(A)

■ We considered this day whether the 1980 amendment to A.R.S. § 23–1061(A) is constitutional. *See Allen v. Industrial Comm'n,* 152 Ariz. 405, 733 P.2d 290 (1987). The amendment provided that neither the Commission nor the court had jurisdiction to consider a claim not timely filed. In *Allen,* we concluded that A.R.S. § 23–1061(A), as amended, and if properly applied, does not violate the guarantees of article XVIII, section 8 of the Arizona Constitution and reasonably regulates the time in which a claim for compensation may be filed. *Allen, su-*

*pra,* is dispositive of the question in this case.

## V. FILING REQUIREMENTS OF A.R.S. § 23–1061(A)

The administrative law judge found that although the claimant may have noticed that he had a hearing problem prior to November 1983, he did not relate his hearing condition to his employment until he was tested by a doctor in February 1984. The condition therefore could not have been a compensable condition until the claimant learned of the diagnosis. *Mofford v. Industrial Comm'n,* 8 Ariz.App. 87, 443 P.2d 449 (1968). *See also Employers Mut. Liab. Ins. Co. of Wisconsin v. Industrial Comm'n,* 24 Ariz.App. 427, 539 P.2d 541 (1975). The administrative law judge then found that the claimant's claim was timely filed. We agree.

A.R.S. § 23–1061(A) as amended in 1980, reads:

> The time for filing a compensation claim begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury.

A.R.S. § 23–1061(A) (effective January 1, 1981).

■ It has long been the law in Arizona that the time for filing a workers' compensation claim begins to run when the claimant knew or in the exercise of reasonable diligence should have known of the injury. *Mead v. American Smelting & Ref. Co.,* 1 Ariz.App. 73, 76, 399 P.2d 694, 697 (1965). *Accord McCormick v. Industrial Comm'n,* 96 Ariz. 88, 392 P.2d 299 (1964); *McGee v. San Manuel Copper Corp.,* 89 Ariz. 244, 360 P.2d 1024 (1961).

■ We have also held that when an injury is

> slight or trivial at the time and noncompensable and later on develops unexpected results for which the employee could not have been expected to make a claim and receive compensation, then the statute runs, not from the date of the accident, but from the date the results of

the injury became manifest and compensable.

*Hartford Accident & Indem. Co. v. Industrial Comm'n*, 43 Ariz. 50, 55–56, 29 P.2d 142, 147 (1934). *See also English v. Industrial Comm'n*, 73 Ariz. 86, 90, 237 P.2d 815, 819 (1951).

The court of appeals has noted in a loss-of-hearing case that when the injury is slight or trivial:

> The time period for filing a claim does not begin to run until the claimant, judged by the standard of a reasonable person, recognizes the "nature, seriousness and probable compensable character" of his injury. 3 A. Larson, *Workmen's Compensation Law* § 78.41(a) at 15–155 (1983). We find no evidence to support a finding that the claimant in this case recognized, or should have recognized, the nature, seriousness or compensable character of his hearing loss until after his retirement and his diligent pursuit of a satisfactory medical opinion. Similar cases in Arizona have refused to hold complex medical conditions "manifest" to an employee even though the employee's type of work and earlier symptoms would seem, in retrospect, to indicate the possibility of a permanent condition. *See M.M. Sundt Construction Co. v. Industrial Commission*, 124 Ariz. 94, 602 P.2d 475 (1979) (compensability of the condition did not become manifest until diagnosis disclosed the severity of the injury); *Employers Mutual Liability Ins. Co. of Wisconsin v. Industrial Commission*, 24 Ariz.App. 427, 539 P.2d 541 (1975) (an employee is not expected to know the nature of the disability or its relationship to the employment before they are reasonably ascertainable by the medical profession).

*Villegas v. Industrial Comm'n*, 149 Ariz. 382, 384, 718 P.2d 1035, 1037 (App.1986).

Under A.R.S. § 23–1061(A), the time for filing a workers' compensation claim begins to run when the injured employee perceives the nature and seriousness of the injury and recognizes the causal relationship between his injury and his employment. *See* 3 A. Larson, Workmen's Compensation Law § 78.41(a) (1983). These three factors are not necessarily of even weight but must be considered together in determining when the injury became manifest or when the claimant knew or should have known that he sustained a compensable injury.

■ For an injury to be serious and not slight or trivial, the symptoms must be of sufficient magnitude. *See Hartford Accident & Indem. Co.*, 43 Ariz. at 54–55, 29 P.2d at 147. Awareness of the permanence of a condition is a factor when determining the magnitude of the injury. *See M.M. Sundt Const. Co. v. Industrial Comm'n*, 124 Ariz. 94, 96, 602 P.2d 475, 479 (1979) ("Except for a temporary discomfort, respondent had no basis for suspecting a permanent disability.").

[5] In addition, the claimant must recognize that the injury he has sustained is causally connected to his employment. In other words, that it is a compensable injury. *Nelson*, 134 Ariz. at 372, 656 P.2d at 1233.

■ The determination of when the injury became manifest is exclusively the province of the Commission as the trier of fact and not for this court. *Kennecott Copper Corp. v. Industrial Comm'n*, 62 Ariz. 516, 158 P.2d 887 (1945). We are limited in our review to a determination of whether or not there is evidence in the record which would justify the finding of the Commission. *McGee v. San Manuel Copper Corp.*, 89 Ariz. at 245, 360 P.2d at 1025. We do not weigh the evidence, but consider it in the light most favorable for sustaining the award. *McCormick*, 96 Ariz. at 90, 392 P.2d at 301. The findings of the Commission, if supported by sufficient competent evidence, will not be disturbed. *Savich v. Industrial Comm'n*, 39 Ariz. 266, 5 P.2d 779 (1931).

At the proceedings before the administrative law judge, claimant, during cross-examination, testified:

> Q. I take it, then, you have known for at least four years, then, that the loud noises at PFE [Pacific Fruit

Express] could cause damage to your ears?

A. Yes.

Q. You first started to become aware of your hearing problems, as I understand, sometime in the late 1970s?

A. I would have to say yes.

During redirect, claimant testified:

Q. At what time did you think about your hearing loss in terms of the permanent or temporary nature of it?

A. I knew then that I had lost some of my hearing, when I couldn't hear.

Q. When did a doctor first tell you that was due to your work at PFE [Pacific Fruit Express]?

\*    \*    \*    \*    \*    \*

The Judge: ... Objection overruled.

The Witness: When I went in and seen Dr. Hodgson [on February 21, 1984]....

Based on the evidence presented, the administrative law judge found that claimant "became aware of hearing problems in the late 1970s, however, he did not relate his hearing problems to his employment until he was tested by Dr. Hodgson in 1984."

■ We believe there was sufficient evidence from which the administrative law judge could make his finding. The findings are reasonably supported by the evidence. The applicant's claim was timely filed.

## VI. BURDEN OF PROVING PREJUDICE TO EMPLOYER FOR FAILURE TO REPORT INJURY FORTHWITH

In addition to the timely filing of a claim for compensation, an employee is required to report forthwith to the employer any injury or accident suffered. A.R.S. § 23–908(D). The claimant filed his report of injury on 30 November 1983, in which he stated the date of injury as being 18 November 1983 and offered this explanation: "Since this is a gradual injury, I chose 11–18–83 as date of injury as that was the date of last injurious exposure." The "Employer's Report of Industrial Injury" filed 20 December 1983, responded, "Unaware of any hearing loss. Not reported by claimant."

The administrative law judge found that the employer had asserted the affirmative defense of failure to forthwith report the injury as required by A.R.S. § 23–908(D), but had failed to carry the burden of showing that it was prejudiced by the failure. The administrative law judge also found that

inasmuch as the claimant may not have made the logical connection between his hearing loss and his employment until he was informed by a physician, the lack of forthwith notice is justifiable and thus excused, *Magma Copper Co. v. Industrial Commission,* 139 Ariz. 38, 676 P.2d 1096 (1983). Assuming arguendo that the employee failed to forthwith report, the defense must fail inasmuch as the [employer] has failed to show that he was prejudiced by the applicant's failure to report forthwith, *Consolidated Vultee Aircraft Corporation v. Smith,* 63 Ariz. 331, 162 P.2d 425 (1945).

Our statute reads:

If the accident is not reported by the employee or his physician forthwith ... no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them.

A.R.S. § 23–908(E).

■ Prejudice to the employer is a relevant, but not the sole, factor in determining whether to excuse claimant's failure to report forthwith. *Consolidated Vultee Aircraft Corp. v. Smith,* 63 Ariz. 331, 337, 162 P.2d 425, 431 (1945). As we have discussed:

Professor Larson notes that there is a general provision in many acts that want of timely notice of injury shall not be a defense unless it results in prejudice to the employer. He observes that lack of prejudice may be established by showing

that the claimant's injury was not aggravated by the employer's inability to provide early diagnosis and treatment, and, further, by showing that the employer was not hampered in making his investigation and preparing his case.

*Magma Copper v. Industrial Comm'n,* 139 Ariz. 38, 43–44, 676 P.2d 1096, 1101–02 (1983) (citing 3 A. Larson, *supra,* § 78.32(b)). Professor Larson also notes: "[T]he burden is on the employee to prove facts establishing an excuse once a failure to comply with the statute has been shown." *Id.* at § 78.32(f). We believe that this is the correct rule.

In the instant case, the administrative law judge misinterpreted the law by placing the burden of showing prejudice on the employer, rather than upon the claimant. If the administrative law judge had applied the correct burden of proof, we might be inclined to affirm the award based on the facts before us. Since, however, the administrative law judge relied on the incorrect burden in exercising his discretion as the finder of fact, we have no way of knowing whether the result would be different if the claimant, rather than the employer, had the responsibility of carrying the burden of proof. For this reason, the award must be set aside.

## VII. COMPENSABLE CLAIM

■ The court of appeals stated as to the establishment of a compensable claim:

Finally, we turn to the employer's contention that in any event the claimant failed to establish a compensable injury. This argument is based upon the supposition that in order for an injury to be compensable, it must result in medical benefits for its treatment or a loss of earning capacity. *Yates v. Industrial Commission* [116 Ariz. 125, 568 P.2d 432 (App.1977) ], *supra.* The argument continues that since the claimant's loss of hearing is not rateable under AMA guidelines (thus resulting in no "disability" for a scheduled injury under A.R.S. § 23–1044(B)) the claimant has not suffered a compensable injury by his loss of hearing.

The claimant agrees that his inability to prove a disability rateable under AMA guidelines precludes a scheduled award under A.R.S. § 23–1044(B), but argues that he incurred medical expenses in "diagnosing" his industrially related loss of hearing and thus has a compensable injury. We need not here determine whether medical expenses related solely to diagnostic services as compared to medical expenses incurred for the treatment of an industrially related injury are sufficient to constitute an industrial responsibility. Claimant's medical expenses are more extensive. Here the medical testimony established that because of his industrially related hearing loss, the claimant would incur future expenses in rehabilitation and periodic audiometric testing to monitor the continued effect of the claimant's employment on his hearing. While these expenses may be classified as preventative in nature, it is clear that they are related to his industrial loss and therefore are an industrial responsibility. *See* A.R.S. § 23–1021; *Emery v. Industrial Commission,* 69 Ariz. 87, 210 P.2d 217 (1949). We therefore hold that the administrative law judge did not err in finding that the claimant suffered a compensable injury.

*Pacific Fruit Express,* 153 Ariz. at 210, 735 P.2d at 820. We agree with the court of appeals on this issue.

## VIII. HOLDING

The opinion of the court of appeals is vacated. The award is set aside.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

## SUPPLEMENTAL OPINION

PER CURIAM.

On motion for reconsideration, claimant argues that it may be "implicit" in the administrative law judge's findings that the claimant did not breach the statutory requirement of forthwith reporting. The finding on this issue is not clear. It is clear, however, that the administrative law

judge found that even if the claimant had not been diligent in reporting, the *employer* had failed to carry its burden of showing prejudice. We believe the administrative law judge erred in putting this burden on the employer. The proper standard to be applied is found in *Magma Copper Co. v. Industrial Commission*, 139 Ariz. 38, 676 P.2d 1096 (1983).

In *Magma*, we recognized that A.R.S. § 23–908(E) gives the administrative law judge considerably more leeway in excusing a failure to report forthwith than in cases involving untimely filing of a claim or failure to file a timely protest. *Cf. Allen v. Industrial Comm'n*, 152 Ariz. 405, 733 P.2d 290 (1987). The statute governing the duty to report forthwith gives the Commission authority to "release the claimant from loss or forfeiture of compensation" if it is found that "the circumstances are such as to have 'excused' the failure to forthwith report the injuries." *Magma*, 139 Ariz. at 43, 676 P.2d at 1101. Thus, the administrative law judge may find excusable the failure to report where the claimant was diligent but had no way of knowing either that the injury had occurred or that the injury was causally related to employment. The administrative law judge may even excuse a lack of diligence in reporting in situations where the employer has not been prejudiced.

The motion for reconsideration is denied.

GORDON, C.J., and FELDMAN, V.C.J., CAMERON and HOLOHAN, JJ., concur.

NOTE: Justice JAMES MOELLER did not participate in the determination of this matter.