NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

FLORIN COMAN, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

WILSON ELECTRIC, *Respondent Employer,*

ARCH INSURANCE CO C/O GALLAGHER BASSET, *Respondent Carrier.*

No. 1 CA-IC 13-0073
FILED 06-05-2014

---

Special Action - Industrial Commission
ICA Claim No. 20121-280096
Carrier Claim No. 002656-001637-WC-01

Deborah A. Nye, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Florin Coman, Phoenix
*Petitioner in Propria Persona*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Terrance Kurth
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Margaret H. Downie joined.

---

**K E S S L E R**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona (the "Commission") award and decision upon review denying benefits without permanent disability to petitioner Florin Coman.  Coman raises three issues on appeal:

> (1) whether the Administrative Law Judge ("ALJ") erred in adopting the opinion of John Beghin, M.D.;

> (2) whether the ALJ misinterpreted the testimony of Abram Burgher, M.D.; and

> (3) whether reasonable evidence in the record supports the ALJ's finding that Coman's condition is medically stationary.

Because we find the ALJ's award is legally sufficient and is reasonably supported by the evidence, we affirm.

**JURISDICTION AND STANDARD OF REVIEW**

**¶2**        This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rule of Procedure for Special Actions 10.[1]  In reviewing findings and awards of the Commission, we defer to the ALJ's factual findings, but review questions of law *de novo*.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We consider the evidence in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

---

[1]        We cite the current version of the applicable statutes when no revisions material to this decision have since occurred.

**FACTUAL AND PROCEDURAL HISTORY**

¶3 In March 2012, Coman, an electrician, sustained a thoracic spinal injury while digging a trench for Respondent Employer, Wilson Electric. His symptoms include back pain, burning in his spine, pain and weakness in his legs, pain around his chest, pain in his arms, and headaches. Five weeks after his injury, Coman returned to work in a light duty job until he separated from employment in October 2012.

¶4 After litigating the claim, the ALJ found Coman's injury to be compensable. The award was later affirmed, but supplemented to explain that the nature and extent of the injury was reserved for future determination.

¶5 Respondents issued a Notice of Claim Status terminating Coman's benefits without permanent disability effective July 2012 based on the medical report and opinion of Dr. Beghin, a board-certified orthopedic surgeon. Dr. Beghin opined there was no objective evidence of pathology corresponding with Coman's symptoms to warrant further treatment, and he was stationary without permanent impairment. Coman protested the termination of benefits and requested a hearing.

¶6 At the hearing, a second ALJ heard testimony from Coman, Thomas Blankenbaker, D.C., an Arizona-licensed chiropractor who treated Coman with physical rehabilitation, and Dr. Burgher, a board-certified anesthesiologist and pain specialist who performed surgery on Coman's spine in April 2013. In addition to the testimony, the ALJ considered medical reports, including those generated by Dr. Beghin.

¶7 Based on the hearing evidence, there was a conflict in expert medical opinions between Dr. Blankenbaker, whose testimony implied that Coman's continued treatment, including his thoracic surgery, was related to his industrial injury, Dr. Burgher, who testified that he could not determine whether the surgery was necessitated by the industrial injury or degenerative disc disease, and Dr. Beghin, who opined that Coman suffered a stress disorder with physical manifestations and remains stationary without permanent impairment.

¶8 The ALJ adopted the opinion of Dr. Beghin and concluded that Coman failed to meet his burden of proof. As a result, she found that Coman was entitled to benefits from March 2012 through July 2012, when his industrial condition became medically stationary without permanent impairment. Coman filed a request for review, but the ALJ affirmed the termination of benefits, finding the decision was fully supported by the

evidence.  Coman next filed a timely petition seeking special action review
with this Court.

## DISCUSSION

I.      **The ALJ did not err in adopting the opinion of Dr. Beghin.**

¶9            Coman argues that the ALJ erred in adopting the opinion of
Dr. Beghin.  We disagree.

¶10           "In determining the facts, it is the ALJ, not this [C]ourt, who
has the responsibility of resolving conflicts in expert opinions, and we will
affirm an ALJ's resolution of conflicting opinions absent an abuse of
discretion."  *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 605, ¶ 10, 2 P.3d
691, 695 (App. 2000); *see also Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz.
43, 46, 749 P.2d 1364, 1367 (1988) ("An award of the Commission will be
affirmed if it can be supported by any reasonable theory of evidence.").  In
reviewing the ruling, this Court does not "weigh the evidence but
considers it in the light most favorable to sustaining the award."  *Perry v.
Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975).

¶11           Here, the ALJ was presented with conflicting expert medical
opinions and resolved the conflict by adopting the opinion of Dr. Beghin:

> The medical evidence between [Coman's] own experts[]
> conflicts if I infer that Dr. Blankenbaker believes that the
> continued treatment rendered for [Coman] after July 13,
> 2012, is related to [Coman's] industrial accident.  Dr.
> Burgher clearly stated he could not relate the need for
> surgery to the industrial accident.  There are additional
> conflicts between Dr. Beghin, who thinks there was no
> pathology to be treated, regardless of causation, and that of
> Dr. Burgher, who at least felt [Coman] should be treated
> even as he could not render an opinion that the treatment
> was due to the industrial accident of March 14, 2012.  To
> resolve the conflicts that are present, I adopt the opinion of
> Dr. Beghin as more probably correct.

¶12           In view of the Commission's discretion and the presumption
favoring its awards, we cannot say that the ALJ's resolution of this conflict
was wholly unreasonable.  Dr. Beghin's opinions were based on two
physical examinations of Coman and a review of his medical records.  *See
Walters v. Indus. Comm'n*, 134 Ariz. 597, 598-99, 658 P.2d 250, 251-52 (App.
1982) (recognizing that an ALJ is not required to give greater weight to the

testimony of a treating physician over a doctor who has examined the claimant only once). Although Coman maintains that his pain is directly related to his industrial injury, the ALJ was at liberty to, and did not err in, adopting Dr. Beghin's opinion. *See Kaibab Indus.*, 196 Ariz. at 609, ¶ 25, 2 P.3d at 699 ("Only if the award is unsupported by any reasonable theory of evidence will we reverse.").

## II. The ALJ did not misinterpret the testimony of Dr. Burgher.

¶13        Coman argues that the ALJ misinterpreted the testimony of Dr. Burgher, whose opinion was sufficient to support an award for continuing benefits and/or permanent disability. We disagree.

¶14        At the hearing, Dr. Burgher testified that surgery was necessary to provide Coman pain relief and improve his long-term quality of life. He also testified, however, that he could not determine whether the treatment for his pain was necessitated by the industrial injury or degenerative disc disease:

> You know, it's difficult in a sense that, you know, the MRIs are just so difficult to interpret every time I'm asked this question. I'm sorry for that, but, you know, the findings that are seen on his MRI are consistent with normal patterns of degeneration that we see in everybody's spine as they get older. It's very difficult to relate a specific degenerative pattern like this to an incident or to just a normal process of wear and tear.

> And oftentimes what we see is that the normal process of wear and tear is ongoing and then some sort of accident/incident happens that seems to aggravate pain associated with normal wear and tear.

> So, the nuts and bolts—I can't differentiate from the MRI whether this is just normal pattern of wear and tear or whether there's been some injury that's caused—whether there's been some specific injury that's caused this pattern in here.

¶15        Coman claims that the ALJ incorrectly interpreted Dr. Burgher's testimony as proof that the cause of the injury was a preexisting degenerative condition. This interpretation is not apparent in the record. Instead, the ALJ summarized Dr. Burgher's testimony, stating that "he was unable to causally relate the disc protrusions or the need for surgery

to the industrial accident," and noting that Coman's condition "fit a normal pattern of degenerative disc disease." Ultimately, in comparing the conflicting expert testimony, the ALJ explained that Dr. Burgher clearly stated he could not render an opinion that any continued treatment was due to the industrial accident. The ALJ did not, as Coman claims, state that Dr. Burgher affirmatively linked the injury to normal bodily wear and tear. Based on our review of the record, we find no error.[2]

### III.   **This Court does not reweigh evidence.**

**¶16**        Coman argues that the evidence shows the best explanation for his mid-thoracic pain is his industrial injury. He asks this Court to reconsider the evidence as a whole and reverse the award and findings in opposition to Dr. Beghin's opinion. As explained above, "it is the ALJ, not this [C]ourt, who has the responsibility of resolving conflicts in expert opinions." *Kaibab Indus.,* 196 Ariz. at 605, ¶ 10, 2 P.3d at 695. We therefore decline to reweigh the evidence. *See Pacific Fruit Exp. v. Indus. Comm'n*, 153 Ariz. 210, 214, 735 P.2d 820, 824 (1987) ("We do not weigh the evidence, but consider it in the light most favorable for sustaining the award.").

### CONCLUSION

**¶17**        For the foregoing reasons, we affirm the Commission's award.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[2]        Dr. Burgher's opinion would not have been sufficient to support an award for continuing benefits because it was equivocal. "Testimony is 'equivocal' if it is subject to two or more interpretations or if the expert avoided committing to a particular opinion." *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 536, ¶ 13, 19 P.3d 1248, 1252 (App. 2001). "'Equivocal' medical testimony cannot support a finding that a claimant's condition is non-stationary." *Id.* Additionally, although the ALJ inferred from Dr. Blankenbaker's testimony that Coman's continued treatment was related to the industrial accident, Dr. Blankenbaker never actually testified as to causation or etiology.