NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

––––––––––––––––––––––––––––––

MACARIO A. JIMENEZ, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ERICKSON CONSTRUCTION CO., *Respondent Employer,*

INDEMNITY INS. CO. OF NA/CONSTITUTION STATE SVC,
*Respondent Carrier.*

No. 1 CA-IC 14-0015

FILED 1-22-2015

––––––––––––––––––––––––––––––

Special Action – Industrial Commission
ICA Claim No. 20123-140250; Carrier Claim No. 127CBEPE7030R
The Honorable Michael A. Mosesso, Administrative Law Judge

**AFFIRMED**

––––––––––––––––––––––––––––––

COUNSEL

Macario A. Jimenez, Phoenix
*Petitioner In Propria Persona*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Lester & Norton P.C., Phoenix
By Rachel Parise Brozina
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**H O W E**, Judge:

**¶1**　　　　This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a non-compensable claim. Macario Jimenez argues that the administrative law judge ("ALJ") erred in finding that he failed to establish a reasonable excuse for not forthwith reporting his accident and injury, and thus, he failed to establish a compensable claim. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　October 12, 2012, Jimenez was working on a roof as part of his job for Erickson Construction. While on top of the roof, he slipped and fell. Jimenez did not think he was injured, so he did not tell anyone at work**.** A few days later, Jimenez woke up with back pain and went to the hospital as a result. He complained to the emergency room ("ER") doctor of pain "upon waking up this morning," but denied "any recent trauma or exertion." The doctor gave him medication and put him on light duty at work. Jimenez gave the doctor's note to his supervisor, Richard Dawson, but he did not mention the accident. Jimenez returned to the ER on October 21, as well as saw his family doctor on October 22 and 24, and November 2 for back pain.

**¶3**　　　　On November 5, Jimenez met with Moisey Prewitt, Erickson's safety coordinator, and other Erickson employees to discuss his accident. Jimenez told Prewitt that he was having back problems and that it might have been caused by a work-related injury. Prewitt investigated the claim. He asked Jimenez's crewmates, foreman, and superintendent questions about the claim. None had knowledge that Jimenez injured himself that week and wrote statements reflecting their lack of knowledge.

¶4            On November 7, Jimenez reported his October 12 accident to the ICA. The ALJ heard testimony from Jimenez, Prewitt, and other Erickson employees, as well as Doctors Tristan Pico and Zoran Maric. Jimenez's crewmate testified that he did not see Jimenez fall or get hurt on October 12. He also testified that Jimenez never indicated that he was having difficulty working, complained of back pain, or asked for help with his work. Dawson testified that Jimenez never reported any work-place injury to him and that the only physical problem Jimenez mentioned to him was gout. When asked about the doctor's note, Dawson denied having received it. Jimenez's field superintendent testified that Jimenez brought him a doctor's note regarding his gout, but not one for back pain. He also stated that Jimenez never reported any injury to him and no one from the company has told him that he or she saw Jimenez slip and fall or injured his back.

¶5            Dr. Pico, a board certified anesthesiologist and pain management specialist, testified that he evaluated Jimenez on November 6. After examining Jimenez, Dr. Pico's working diagnosis was lumbar radiculitis, lumbar facet arthrosis, and sacroiliitis. The doctor prescribed epidural injections and pain medicine. Dr. Pico opined that although Jimenez's medical records did not mention any work-related injuries, his accident could have caused his back pain, but that was dependent on Jimenez's reliability as a historian.

¶6            Dr. Maric, a board certified orthopedic spine surgeon, testified that he examined Jimenez on March 27, 2013. He reviewed Jimenez's medical records, including several MRI reports. After examining Jimenez, Dr. Maric made no objective orthopedic or neurologic findings. He testified that it was "imperative that we correlate the patient's complaints with the MRI scan findings. In this case, there's clearly no correlation." He also testified that the history Jimenez gave to the ER doctor on October 14 contradicted the history Jimenez gave to him. Dr. Maric opined that no relationship existed between Jimenez's back pain and the accident.

¶7            The ALJ ordered that Jimenez "take nothing" from Erickson and the insurance carrier. The ALJ found that between Dr. Pico's and Dr. Maric's opinions, it adopted Dr. Maric's opinion as "being most probably correct." It noted that Jimenez "denied trauma and provided no history of the work injury to the emergency room, but described a history of waking up two days after the injury with pain and no intervening pain." The ALJ also found that Jimenez failed "to forthwith report" his injury and did not provide information to Erickson until November 5, which "caused a delay

for defendants to investigate this injury, thus prejudicing defendants." Moreover, Jimenez failed to establish a reasonable excuse for the failure to forthwith report his injury. Consequently, Jimenez failed to establish a compensable claim. Jimenez filed a request for review, but the ALJ affirmed. This petition for review followed.

## DISCUSSION

¶8        Jimenez argues that the ALJ erred in finding that he failed to establish a reasonable excuse for not forthwith reporting his accident and thus did not establish a compensable claim. We defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270 ¶ 14, 63 P.3d 298, 301 (App. 2003). We will sustain an award if it is reasonably supported by the evidence, *Lawson v. Indus. Comm'n*, 12 Ariz. App. 546, 547, 473 P.2d 471, 472 (1970), which is considered in a light most favorable to upholding the award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16, 41 P.3d 640, 643 (App. 2002). Because the ALJ's findings are reasonably supported by the record, the ALJ did not err.

¶9        An employee who suffers an accident must report the accident and injury resulting therefrom to the employer "forthwith." A.R.S. § 23–908(E). If the employee fails to comply with this requirement, then "no compensation shall be paid for the injury claimed to have resulted from the accident." *Id.* § 23–908(F). The ALJ may relieve the employee of this sanction "if it believes after investigation that the circumstances attending the failure . . . are such as to have excused" the failure to forthwith report. *Id.* § 23–908(E). The employee has the burden to prove facts that establish an excuse for his or her failure to forthwith report, and the absence of prejudice to the employer is but one factor in establishing a justifiable excuse. *Pacific Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 215, 735 P.2d 820, 825 (1987).

¶10        Here, the ALJ found that Jimenez did not provide information to Erickson about the October 12 accident until November 5—nearly a month later. Jimenez testified that he did not tell anyone at work that he had an accident because he did not think he was injured. Erickson employees correspondingly testified that none of them witnessed Jimenez hurting himself or having any trouble working. Jimenez also testified that when he gave the doctor's note to his supervisor, he did not mention the accident. Moreover, between October 12 and November 5, Jimenez visited the ER twice and his physician three times for back pain, but none of the records from these visits mentioned a work-related injury. Instead, on his first visit to the hospital—two days after his accident—Jimenez told the ER doctor that the onset of his back pain was upon waking up that morning.

More importantly, he denied suffering any recent trauma or exertion. Therefore, the circumstances attending Jimenez's failure to forthwith report do not excuse his failure to forthwith report.

¶11        Although the parties presented conflicting medical evidence, the ALJ was responsible for "resolv[ing] all conflicts in the evidence, especially when the conflicts involve expert medical testimony." *Post v. Indus. Comm'n*, 160 Ariz. 4, 8, 770 P.2d 308, 312 (1989). This Court will not disturb the ALJ's resolution unless it is wholly unreasonable. *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343 ¶ 9, 275 P.3d 638, 642 (App. 2012). The ALJ resolved the medical conflict by adopting the opinion of Dr. Maric because it was consistent with Jimenez's statement denying recent trauma and with the fact that the medical records available to it included no history of a work-related injury. Thus, based on all the evidence, the ALJ concluded that Jimenez failed to establish by a reasonable preponderance any excuse for having failed to forthwith report the industrial episode and therefore failed to establish a compensable claim. Consequently, because the ALJ's resolution of the medical conflict was not wholly unreasonable and the award was reasonably supported by evidence, we cannot find that the ALJ erred.

**CONCLUSION**

¶12        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama